# BRAZOS RIVER CONSERVATION AND RECLAMATION DISTRICT ET AL v. E. P. COSTELLO ET AL.

No. 7767. Decided September 25, 1940.
Rehearing overruled October 23, 1940.
(143 S. W., 2d Series, 577.)

*Gerald C. Mann,* Attorney General, *Geo. W. Barcus,* Assistant Attorney General. *John D. McCall, Millard Parkhurst, Strasburger, Price, Kelton & Miller,* all of Dallas, *T. T. Bouldin,* of *Mineral Wells, L. D. Hawkins,* of Breckenridge, and *Samuels, Foster, Brown & McGee,* of Fort Worth, for plaintiff in error.

Article 3269, R. C. S. 1925, as amended, under the plain purport of its language, when compared with its text before amendment, without doubt permits a condemnor out of possession, who is otherwise entitled to exercise the right of eminent domain, to seek condemnation in the district court in that class of cases where an injunction has issued to deny the condemnor the use or appropriation of the property in question. The district, having been enjoined by the owners of the land, from using or appropriating the property in question, had a right under the statute, to seek and obtain condemnation through cross action in the injunction case, although said district was not in possession of the property. McInnis v. Brown Co. Water Imp. Dist., 41 S. W. (2d) 744; Leonard v. Small, 28 S. W. (2d) 827; American Surety Co. v. Axtell, 36 S. W. (2d) 719.

*J. R. Creighton, W. H. Penix* and *Ritchie & Ritchie,* all of Mineral Wells, for defendants in error.

Article 3269, R. C. S. 1925, is not applicable in cases where condemnor seeks to condemn property of which he is not in possession, by a cross action in an injunction suit to restrain condemnor from closing vents in a dam which it has constructed, thereby overflowing and injuring plaintiff's property. Such statute being inapplicable the attempted condemnation is void. Plowman v. Dallas County, 99 Texas 509, 91 S. W. 221; Todd v. Massy, 30 S. W. (2d) 532; Lone Star Gas Co. v. City of Fort Worth, 128 Texas 392, 98 S. W. (2d) 799.

Mr. Justice Sharp delivered the opinion of the Court.

This suit involves the authority of the Brazos River Conservation and Reclamation District, which was created directly by the Legislature (by virtue of Local and Special Laws 41st Leg., 1929, 2d Called Sess., c. 13, sec. 5, Vernon's Ann. Civ. St. Art. 8194 note; General and Special Laws 44th Leg., 1935, 1st Called Sess., c. 368, sec. 5, Vernon's Ann. Civ. St. (Title 128, Chap. 8) Art. 8194 note; Constitution, Art. 16, sec. 59,

adopetd in 1917), to exercise the power of eminent domain, on a cross action filed in the District Court under the provisions of Article 3269 as amended, Vernon's Ann. Civ. St. The trial court held, in effect, that the Brazos River Conservation and Reclamation District had no right to condemn by cross action under Article 3269. The judgment of the trial court was affirmed by the Court of Civil Appeals at Eastland. 142 S. W. (2d) 414. A writ of error was granted.

The validity of the Act creating the Brazos River Conservation and Reclamation District was sustained by this Court in Brazos River Conservation and Reclamation District v. McCraw, Attorney General, 126 Texas 506, 91 S. W. (2d) 665. For a detailed statement of the history of the Act and the creation of such District, we refer to the opinion rendered in that case.

The District issued bonds and proceeded to carry out its plan of reclamation, and was constructing a dam across the Brazos River in Palo Pinto County, Texas. E. P. Costello and others obtained a temporary writ of injunction against the District and against the contractor engaged in constructing such dam, on the ground that the District was about to close the vents in the dam and that to do this would result in overflowing the lands belonging to plaintiffs adjacent to the dam. The writ was issued without a hearing thereon, and following the issuance thereof the district moved to dissolve the writ, and contemporaneously with the motion, and virtually as a part thereof, filed a cross action in the suit where the injunction was pending, and prayed for the condemnation of the property for the uses of the dam by virtue of the provisions of Article 3269.

The district in this proceeding offered to give such bond, or pay such sum of money into the registry of the court, or give such security, as the court might deem proper, for the payment of damages that might be assessed against the district on the trial of the case on its merits. On the hearing of such motion to dissolve, the trial court determined that the sum of $500,000.00 was a sufficient sum of money to indemnify the owners of the land in the assessment of damages for the taking or injuring of the property prior to the hearing of the case on its merits in the condemnation proceeding. However, the trial court entertained the conviction that Article 3269 was not applicable in such proceeding, because the owners of the land were still in physical possession thereof, and that such Article was not applicable and could not be invoked except in cases where the condemnor was already in possession of the

land so sought to be condemned. For this reason the trial court did not dissolve the writ of injunction.

The court further found that if it should be determined upon appeal that the district is entitled to a dissolution of said injunction, conditioned upon the deposit of money, or that the district is entitled to maintain its cross actions heretofore filed in this cause for condemnation of the lands and properties of the several plaintiffs, then the court further found "from the evidence introduced herein relating to such values that as a prerequisite to the dissolution of said injunction heretofore issued herein, the Brazos River Conservation and Reclamation District shall pay into the registry of this court, or into such depository as the court may designate, as secruity for the payment of any damages that may be assessed on said cross action against the several plaintiffs herein, a total sum or fund in the sum of Five Hundred Thousand and no/100 ($500,-000.00) Dollars, for the security of the parties in the various sums and amounts as follows, to wit: * *"

The court found the following amounts due for the security of each of the several plaintiffs herein: E. P. Costello, $102,-500.00; Albert Adkisson, $104,000.00; R. H. Goble and L. O. Moore, $95,000.00; Argo Royalty Company, $42,500.00; Jesse Harmon, $28,000.00; Brazos River Gas Company, $128,000.00.

The history of the many laws enacted by the Legislature of this State relating to the exercise of the right of eminent domain clearly shows that it is the policy of the Legislature to liberalize the exercise of that power, rather than to restrict it. Within recent years many agencies have been created to perform certain functions of a governmental nature, and to meet their needs many laws have been passed. See Title 52, Article 3264 et seq., Vernon's Ann. Civ. St.

Article 3269 reads:

"When any person, or corporation, or district, or association of persons having the right of eminent domain are sued for property or for damages to property occupied by them or it for the purposes for which it or they have the right to exercise such power, or when a suit is brought for an injunction to prevent them or it from going upon such property or making use thereof for such purposes, the Court in which such suit is pending may determine the matters in dispute between the parties, including the condemnation of property and assessment of damages, upon petition or cross-bill asking such remedy by defendant, and such petition or cross-bill asking such relief shall not be an admission of the plaintiff's title to such property,

and in such event the condemnor may assert his or its claim to such property and ask in the alternative to condemn the same if he or it fails to establish such claim; and provided that, if injunctive relief be sought, the Court may grant such relief under the Statutes and Rules of Equity or may, as a prerequisite for denying such relief, require defendant to give such security as the Court may deem proper for the payment of any damages that may be assessed on defendant's cross-bill for condemnation. Acts 1899, p. 18; Acts 1931, 42nd Leg., p. 413, ch. 245, sec. 1."

It is contended that Article 3269 violates Article 1, Section 17, of the Constitution of Texas. The pertinent part of Section 17 reads:

"No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person; and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; * *"

The Court of Civil Appeals in substance held:

(1) That the District had no right to condemn by cross action, because it was not and had never been in possession of the property, and there was nothing in dispute between the parties except matters arising in ordinary condemnation proceedings, and that Article 3269 was not a general condemnation statute, and that it applied only to situations where the party having the power of eminent domain, without exercising such right, had already entered upon the property in question.

(2) That if the proceedings to condemn by cross action under Article 3269 could be resorted to by the District, then such Article would be unconstitutional and void, because it would permit the dissolution of the injunction and the taking of properties in the absence of a positive and certain provision made for the payment to the owners of their damages; and the exercise of discretion by the trial court, as provided in such article, as to whether any security should be given, and the kind and amount of such security, not being a sufficient compliance with Article 1, Section 17, of the State Constitution, requiring "adequate compensation."

(3) That under Section 17 of Article 1 of the Constitution, where the taking is by the State of Texas, or one of its agencies or subdivisions, the law must first make provision for and guarantee to the owner the adequate compensation contemplated by the Constitution, and in no event could the State take the private property of individuals, leaving the owners to depend

upon the discretion of a trial court as to the giving of security in advance of the taking.

The Act creating this district rests on Article 16, Section 59, of the Constitution of Texas, and Subdivision (b) thereof provides that conservation and reclamation districts are to have "such powers of government and with the authority to exercise such rights, privileges and functions * * * as may be conferred by law."

Section 13a of this Act provides:

"The District shall have the power and right of eminent domain for the purpose of acquiring by condemnation any and all property of any kind, real, personal or mixed, or any interest therein, within or without the boundaries of the District * * * necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by this Act in the manner provided by General Law with respect to condemnation, or at the option of the district, in the manner provided by Statutes relative to condemnation by Districts organized under General Law pursuant to Section 59 of Article 16 of the Constitution of the State of Texas."

■ The Constitution of this State does not prescribe any specific rule governing condemnation proceedings. That power is left to the Legislature. The Constitution of Texas gives the District Court original jurisdiction over many causes of action. (See Article 5, Section 8.) The Legislature, in the exercise of its power, has authorized in Article 3269 condemnation proceedings in District Court on cross actions. The controlling question for decision here is: Does Article 3269 violate the provisions of the Constitution

■■ A statute may be read in connection with the constitutional provisions authorizing the enactment of such statute. In other words, in construing a statute, constitutional provisions may be read into and considered as a part of a statute. 39 Tex. Jur., p. 157, sec. 86. The dominant rule controlling the construction of a statute is to ascertain the intention of the Legislature expressed therein. An Act should be given a fair and sensible construction, in order to carry out the purposes for which it was enacted, and not be construed in such manner as to nullify or defeat its purposes. 39 Texas Jur., pp. 166-167, sec. 90.

■ Clearly the object of Article 3269 is to expedite the determination of all matters to which it relates. This Article, when given a fair and reasonable construction, in connection with

the constitutional provisions, means that under same the District Court is vested with jurisdiction to determine the questions in dispute and to require the party instituting such condemnation proceedings to give adequate security for the property sought to be condemned. When the terms of this Act are read in connection with the provisions of the Constitution, it means that the court, in the exercise of its power, must require that every prerequisite of the Constitution be fully complied with before a person's property can be applied to public use. The statute as thus construed does not violate the Constitution of this State.

In this instance the district has tendered into the registry of the court, or stands ready to deposit in cash, the specific sums allowed all parties, and will comply with any orders that the court may make relating to such condemnation proceedings. This is all the land owners can demand under the law.

It being undisputed that the district is ready, able, and willing to comply with every requirement of the law, and will pay in cash into the registry of the court the various sums determined and allowed in the orders of the trial court, and will meet any other requirements that the court may deem proper to protect the land owners, it logically follows that the injunction granted by the trial court should be dissolved.

The judgments of the trial court and the Court of Civil Appeals are reversed, and it is ordered that this cause be remanded to the trial court for further proceedings in accordance with this opinion; and the trial court is instructed that when said district has deposited in cash the sum allowed the land owners by said court, and has met all requirements of the law and has complied with all orders that said court may deem proper to protect said money and the rights of the land owners, the said writ of injunction issued by the trial court shall be dissolved, and said district shall be allowed to close the vents in said dam and take possession of said property, pending the final hearing of the condemnation proceedings on the merits of the case.

Opinion delivered September 25, 1940.

Rehearing overruled October 23, 1940.