### BRAZOS RIVER GAS CO. v. BRAZOS RIVER CONSERVATION & RECLAMATION DIST. et al.

#### No. 2145.

Court of Civil Appeals of Texas. Eastland.

Jan. 24, 1941.

Rehearing Denied Feb. 21, 1941.

W. H. Penix, J. R. Creighton, and Ritchie & Ritchie, all of Mineral Wells, for appellant.

T. T. Bouldin, of Mineral Wells, John D. McCall and Millard Parkhurst, both of Dallas, and Samuels, Foster, Brown & McGee, of Fort Worth, for appellees.

LESLIE, Chief Justice.

This appeal by the gas company purports to be from an order of the District Court dissolving a temporary injunction, etc. The nature of the suit and the true rulings appealed from will be set out definitely as the opinion proceeds.

. March 6, 1940, E. P. Costello and others, among them the appellant Brazos River Gas Company, sought and obtained a temporary injunction in the District Court to restrain the Brazos River Conservation & Reclamation District, herein called the "District", from closing the vent in its dam (Possum Kingdom) across the Brazos River. The relief was sought upon the allegations that when said vents were closed the water of the stream would submerge the adjacent lands, properties of petitioners. The court, in granting the injunction, required petitioners to execute a $2,500 bond.

The instant litigation grows out of the following facts:

On June 5, 1940, the gas company et al. filed a reply to the District's motion (May 27, 1940) to dissolve the temporary injunction granted the gas company and others March 6, 1940, on their application and petition of that date. Dissolution of that injunction was denied by the trial court June 14, 1940, and an appeal from that judgment was prosecuted to this court (Brazos River Conservation, etc., Dist. v. Costello, 142 S.W.2d 414), and from the decision of this court to the Supreme Court. 135 Tex. 307, 143 S.W.2d 577, 130 A.L.R. 1220. After return of the mandate from the Supreme Court, the gas company filed October 29, 1940, a plea in abatement to the District's cross-action for condemnation filed May 25, 1940. October 30, 1940, the gas company and others filed their first amended original petition.

On hearing the trial court (in the instant case) dissolved the injunction granted March 6, 1940. Before doing so, it found that the Conservation District had placed in the registry of the court the $128,000 theretofore found by the court to be sufficient security for the gas company under and by virtue of the requirements of Art. 3269, R.S.1925, as amended, Vernon's Ann. Civ.St. art. 3269.

The gas company et al. urged the court to take notice and hear evidence first on its plea in abatement and also act on its first amended original petition. The action of the court on the questions thus raised and urged is best reflected by the following excerpt from the court's judgment dissolving the temporary injunction of March 6: "* * * And before said motion [to dissolve] was heard, considered and passed upon by the court, Respondents [Gas Company et al.] in cross-action * * * requested the court to consider, hear evidence

and act upon the First Amended Original Petition * * * for continuation of the original injunction until the court should hear and determine the matters and questions raised and set out in pleas in abatement to said cross-actions * * *; and said Respondents also requested the court to hear evidence upon, consider and pass upon such pleas in abatement prior to his acting upon the District's motion to dissolve, *all of which requests were in all things refused and denied by the court*; * * *. The remaining respondents and original plaintiffs, to-wit, E. P. Costello * * * Brazos River Gas Company * * * [and others] then and there in open court *excepted to the action of the court* in refusing to consider and hear evidence and pass upon their amended original petition and pleas in abatement." (Italics ours.)

The court then proceeded to dissolve the injunction.

We interpret appellant's assignments of error as primarily challenging the action of the trial court in dissolving the injunction. After a careful consideration of these contentions we conclude that there is no merit in them, under the present state of the authorities. We are of the opinion that the Supreme Court in Brazos River C. & R. Dist. v. Costello et al., 135 Tex. 307, 143 S. W.2d 577, 580, 130 A.L.R. 1220, considered and passed upon all the essential and controlling issues relating to the injunction. The concluding paragraphs of that opinion read as follows:

"In this instance the District has tendered into the registry of the court, or stands ready to deposit in cash, the specific sums allowed all parties, and will comply with any orders that the court may make relating to such condemnation proceedings. This is all the land owners can demand under the law.

"It being undisputed that the District is ready, able, and willing to comply with every requirement of the law, and will pay in cash into the registry of the court the various sums determined and allowed in the orders of the trial court, and will meet any other requirements that the court may deem proper to protect the land owners, it logically follows that the injunction granted by the trial court should be dissolved.

"The judgments of the trial court and the Court of Civil Appeals are reversed, and it is ordered that this cause be remanded to the trial court for further proceedings in accordance with this opinion; and the trial court is instructed that when said District has deposited in cash the sum allowed the land owners by said court, and has met all requirements of the law and has complied with all orders that said court may deem proper to protect said money and the rights of the land owners, the said writ of injunction issued by the trial court shall be dissolved, and said District shall be allowed to close the vents in said dam and take possession of said property, pending the final hearing of the condemnation proceedings on the merits of the case."

Obviously, that court has definitely held that the provisions of Art. 3269, R.S.1925, as amended, are available to the "District" and that it can take possession of the property of the gas company for the public use, in advance of a final trial, by giving adequate security for the protection of the owner. As stated, the court finds such security had been deposited.

When that opinion of the Supreme Court and the mandate based thereon reached the District Court of Palo Pinto County, that court could do nothing other than require the amount of money theretofore fixed as security for the anterior possession of the property to be paid into the registry of the court and then dissolve the injunction, thereby permitting the Conservation District to take possession of the property of the gas company in accordance with the law as interpreted by the Supreme Court.

The main questions sought to be presented by this appeal have been heretofore carefully considered by this court and put at rest by said opinion of the Supreme Court.

In appellant's assignments much stress is laid upon the refusal of the trial court to "hear evidence and determine the matters and questions raised and set out in pleas in abatement to said cross-action." Whatever the action of the trial court relating to such pleas, there is no merit in these contentions at this stage of the litigation. If the pleas in abatement be regarded as sufficient in substance, timely presented, and as having been overruled by the trial court October 30, 1940, no appeal would lie directly to this court. It would be only an interlocutory order. "Except where the right is specifically granted by statute, an interlocutory order or judgment will not support an appeal." Dutton v. Collins, Tex. Civ.App., 75 S.W.2d 327, 328; 3 Tex.Jur. p. 126, sec. 61.

The trial court's action in either disregarding the plea in abatement, or overruling the same, should be sustained for another reason. Since it was filed for the first time October 29, 1940, the same came too late,—after the gas company and others had answered, June 5, 1940, to the merits of the case (the District's cross-action and motion to dissolve, May 27, 1940). Any careful consideration of the contents of the "reply" or answer (June 5, 1940) of the gas company et al. to the Conservation District's motion (May 27, 1940) to dissolve the temporary injunction leads to but one conclusion, namely, that the gas company and others pleaded to the substantial merits of the case in which the gas company's property was definitely described in the pleadings and sought to be condemned in the District Court under the provisions of Art. 3269, as amended. That cause is now pending in that court awaiting trial on its merits.

The appellant's assignments of error are overruled and for the reasons stated the judgment of the trial court is affirmed.