## BRAZOS RIVER GAS CO. v. BRAZOS RIVER CONSERVATION & RECLAMATION DIST. et al.

### No. 2204.

Court of Civil Appeals of Texas. Eastland.

April 4, 1941.

Rehearing Denied May 2, 1941.

See, also, 148 S.W.2d 883.

J. R. Creighton and W. H. Penix, both of Mineral Wells, for appellant.

Samuels, Foster, Brown & McGee, of Fort Worth, and T. T. Bouldin, of Mineral Wells, for appellees.

GRISSOM, Justice.

The Brazos River Gas Company, a corporation, instituted this suit in the District Court of Palo Pinto County against Brazos River Conservation and Reclamation District, its Board of Directors and Engineer, and the Construction Company engaged in the construction of Possum Kingdom Dam. It was alleged that plaintiff owned and operated a natural gas distributing system in Graford, Mineral Wells, Weatherford, Palo Pinto, Bennetts and Millsap and furnished natural gas and gas service to the inhabitants thereof. That in connection with its system it owned gas wells, leases, franchises, pipelines, lands and other properties, tangible and intangible, necessary to constitute a complete natural gas distributing system; that plaintiff owned a gas pipe line extending from the Bryson oil field in Jack County in and through Young, Palo Pinto and Parker Counties; that it had no other way of furnishing gas to said towns except through said pipe line; that more than 10,000 feet of said pipe line were within the basin of the Possum Kingdom Dam being erected by defendants; that defendants were threatening to flood the dam and thereby destroy plaintiff's distributing system, together with its franchises, easements and real and personal property, and other property, tangible and intangible; that there were temporary openings in said dam which prevented the flood waters from accumulating; that said openings were being closed and would be closed and plaintiff's pipe line would be inundated and destroyed unless defendants were enjoined from closing them. That such taking by the defendant District of plaintiff's pipe line and gas system "by condemnation proceedings" will violate plaintiff's right under Art. 1, sec. 17, of the Constitution of Texas, Vernon's Ann.St. That the law creating the Brazos River District contained no adequate provision of a method of procedure for condemning property of this kind. That the taking of plaintiff's pipe line within the basin of the dam and "the dead ends adjacent thereto" will seriously endanger plaintiff's business as a public utility and render its entire gas transportation and distribution system, contracts, franchises, easements and properties practically worthless, etc. Wherefore, the Gas Company prayed for a writ of injunction restraining defendants from closing the openings in the dam and flooding plaintiff's right of way, pipe line and other properties. Defendants filed answers to said petition and said District also filed a cross-action seeking condemnation of an easement across plaintiff's land.

Upon the filing of plaintiff's petition, the judge of the District Court of Palo Pinto County issued notices to defendants to appear and show cause why the temporary injunction should not be issued. On the date fixed, the District appeared and filed its answer and cross-bill seeking to condemn plaintiff's property and the other defendants appeared and answered. Whereupon, the judgment recites, the court "considered said sworn petition and argument

of counsel for both sides and having considered the law * * * and the argument having been concluded on the 8th day of June, 1940. Thereupon, the trial judge announced as follows: '* * * and in line with suggestions I have already made, it is my purpose to grant the plaintiff an injunction. Providing for a bond in the sum of $30,000 believing that $70,000 would be a sufficient amount to indemnify the plaintiff for any damage it may sustain resulting from the closing of the dam in question, the defendant will be given the privilege of depositing that amount in trust and thereby staying such injunction, such deposit to remain in trust for the purpose of paying off any judgment that may be awarded plaintiff when the matter is either settled with defendant or adjudicated in court. That will be my ruling at this time.'" This judgment was not placed of record. On January 25, 1941, counsel for plaintiff and defendants appeared before the court to consider and have entered the judgment theretofore announced, whereupon, the judgment recites: "The court is of the opinion and finds that plaintiff is entitled to a temporary injunction as theretofore announced on the 8th day of June, 1940, by the court restraining the defendant as prayed for in plaintiff's petition upon its giving bond in the sum of $30,000; and the court further finds that $70,000 will reasonably protect the plaintiff in its damages in the premises; and it further appearing to the court at this time that plaintiff has heretofore given bond as required in this order, and thereafter the Brazos River Conservation and Reclamation District has put up the $70,000 * * * to the credit of J. E. Hall, District Clerk * * * subject to the order of this court;

"Now therefore, it is ordered, adjudged and decreed by the court a temporary injunction is hereby granted as prayed for in plaintiff's petition upon the plaintiff's giving bond in the sum of $30,000 aforesaid, and plaintiff having given said bond, and the defendant District having thereafter put up the $70,000 * * * in the name of J. E. Hall, Clerk of the District Court * * * and his successors in office, as a special fund to be held in said bank as such special fund, and as a guaranty that upon a final hearing of this cause on its merits and determination thereof, of whatever amount may be recovered by plaintiff against the defendant District, to be paid out on the order of the District Court of Palo Pinto County, Texas, after this cause has finally been determined on its merits or by agreement of plaintiff and defendant Brazos River Conservation and Reclamation District. It is further ordered that the temporary injunction granted herein be and the same is hereby in all things dissolved."

The plaintiff excepted and has appealed to this court.

The plaintiff's (Brazos River Gas Company) assignments of error, briefly stated, present the following contentions:

(1) That the Gas Company's pipe line and right of way, being devoted to a public use, is not subject to condemnation by the District, until it is shown that the new enterprise is of paramount importance to the public and its purposes cannot be practically accomplished in any other way, regardless of cost to the District.

(2) That the facts stated above must be alleged and proved by the District.

(3) That the law is inadequate and does not set up a sufficient standard and procedure for ascertaining in a condemnation case, the compensation due appellant for its property.

(4) That the Gas Company's pipe line is personal property and the law does not establish an adequate standard and procedure for condemnation of personal property.

(5) That the law provides no standard or procedure by which the damages that will be occasioned to the Gas Company by reason of the destruction of its pipe line may be determined, since its pipe line is part of a transmission system.

(6) That because the District placed the $70,000 deposit to the credit of the clerk of the District Court prior to the time the order therefor was entered in the minutes of the court, the order is a nullity, and a judgment in favor of the Gas Company for damages to its right of way and pipe line could not be collected therefrom, and that said sum cannot be subjected to any judgment that may hereafter be obtained against the District by reason of condemnation of the pipe line.

(7) That if it should be determined that the Gas Company's pipe line would be destroyed by closing the vents in the dam, the District has no right of condemnation of the pipe line, because Subd. 3 of Art. 3268 could not be complied with since the property could not be returned to the Gas

Company, and any damages awarded it could not be collected from the District, and the submerging of the pipe line would be a taking thereof without due process of law, in violation of the Ffth Amendment and Sec. 1 of the Fourteenth Amendment of the Constitution of the United States and Art. 1, secs. 17 and 19, of the Constitution of Texas.

(8) That the District has no right to condemn the pipe line since Subdivision 3 of Art. 3268 could not be complied with, and the pipe line once submerged with the waters of the dam could never be restored to the Gas Company, and damages therefor could not be collected.

(9) That, to be entitled to condemn the pipe line, the District was obligated to construct a pipe line around the dam, or furnish the Gas Company funds to do so, before it destroys the pipe line by closing the vents in the dam.

(10) That in any event, the Gas Company should have a reasonable time after the questions of law involved have been determined to construct a pipe line around the dam to enable the Gas Company to furnish a continuous and uninterrupted flow of gas to its patrons.

■ The contention made by the first and second assignments are untenable. Section 59, subd.(b), of Art. 16, Constitution of Texas, authorizing the creation of Conservation and Reclamation Districts, provides that such Districts "shall be governmental agencies and bodies politic and corporate with such powers of government and with the authority to exercise such rights, privileges and functions concerning the subject-matter of this Amendment as may be conferred by law." Article 8197f, sec. 1, Vernon's Ann.Civ.St., provides that the use of lands by Conservation and Reclamation Districts for the construction of dams and reservoirs, etc., "and all other useful purposes" under sec. 59, Art. 16, Constitution of Texas, "is hereby declared to be superior to all other uses * * *."

Section 13a, of Acts 1935, 44 Leg., 1st C.S., ch. 368, p. 1536, creating the Brazos River Conservation & Reclamation District, reads in part as follows:

"The District shall have the power and right of eminent domain for the purpose of acquiring by condemnation any and all property of any kind, real, personal or mixed, or any interest therein, within or without the boundaries of the District (other than such property of or any interest therein without the boundaries of the District as may at the time be owned by any body politic) necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon it by this Act in the manner provided by general law with respect to condemnation, or at the option of the District, in the manner provided by Statutes relative to condemnation by Districts organized under General Law pursuant to Section 59 of Article 16 of the Constitution of the State Texas.

"In condemnation proceedings, being prosecuted by said District, the District shall not be required to give bond for appeal or bond for costs. The District shall have the power and authority to overflow, and inundate any public lands and public property and to require the relocation of roads and highways in the manner and to the extent permitted to Districts organized under General Law pursuant to Section 59 of Article 16 of the Constitution of the State of Texas." Vernon's Ann.Civ.St., title 128, c. 8, note, Vol. 21, p. 545.

Section 3 of Acts 1929, 41 Leg. 2d C.S., c. 13, provides in part, "The Brazos River Conservation and Reclamation District shall have and be recognized to exercise, in addition to all the general powers vested by virtue of the constitution and statutes in a governmental agency and body politic and corporate", etc. Vol. 21, Vernon's Ann.Civ.St., title 128, c. 8, note, p. 536.

Also, see Weyel v. Lower Colorado River Authority, Tex.Civ.App., 121 S.W. 2d 1032, 1034, writ refused; State v. Hale, Tex.Sup., 146 S.W.2d 731, 736; Imperial Irr. Co. v. Jayne, 104 Tex. 395, 138 S.W. 575, Ann.Cas.1914B, 322; 18 Am.Jur. 719, 720, 780.

Many of the authorities cited by the Gas Company are not deemed applicable because they deal with certain districts, and corporations which, although they possess the right of eminent domain, are not governmental agencies and have not had conferred upon them powers equal to those conferred by the Constitution and statutes upon the defendant District. That this is true was recognized by the Supreme Court in an opinion by the late Chief Justice Cureton in Brazos River C. & R. Dist. v. McCraw, 126 Tex. 506, 515, 91 S.W.2d 665, 670, wherein it was said:

"From the foregoing it is apparent that we have before us a conservation and reclamation district of large proportions, created by the Legislature itself, comprehending an integral and important part of the state, reaching from the western boundary of Texas, through the heart of its populous and productive territory, to the Gulf of Mexico.

"It is obvious that this district is quite different in its origin and purpose from the small conservation and reclamation districts organized by property owners within their boundaries, primarily for their own protection and benefit, under statutes provided for that purpose. The one is basically a public enterprise, created by the Legislature for the general governmental purpose of effectuating the objects of the conservation amendment; the other is of a different type, organized primarily for private purposes under the permissive terms of the Constitution and the statutes. That the relationship of the state and the power of the Legislature with reference to the two types of district may be different, is obvious; particularly in view of the fact that under the Conservation Amendment, article 16, § 59, subd. (b), it is provided that conservation and reclamation districts are to have 'such powers of government and with the authority to exercise such rights, privileges and functions * * * as may be conferred by law.'"

Also, see Chicago, R. I. & G. Ry. Co. v. Tarrant County Water Control, etc., Dist., 123 Tex. 432, 73 S.W.2d 55, 56; 44 Tex. Jur. 42.

Many, if not all, of the contentions urged by the Gas Company on this appeal were urged by the Gas Company and its co-appellees in Brazos River C. & R. Dist. v. Costello, Tex.Civ.App., 142 S.W.2d 414, Id., 135 Tex. 307, 143 S.W.2d 577, 580, 130 A.L.R. 1220. That was a suit by the Brazos River Gas Company and others against the Brazos River C. & R. District and others in which the Gas Company and others sought a temporary injunction to prevent the closing of the temporary openings in Possum Kingdom Dam; the same relief sought by the Gas Company in the instant suit. There the Brazos District filed cross-actions against some of the plaintiffs, including the Gas Company, for the purpose of condemning their lands and properties. A temporary injunction was granted preventing the closing of the openings in the dam. The Brazos River District filed a motion to dissolve the injunction. The District set out in said motion the fact of the filing by it of cross-bills for condemnation, alleged the value of the properties sought to be condemned, and, in asking for dissolution of the injunction, offered to give such security as the court might deem proper for the payment of damages that might be awarded to the plaintiffs therein. The Gas Company and other plaintiffs in said cause filed a reply to the motion to dissolve alleging that the Brazos District was not entitled to dissolution of the injunction and that the district court was without authority to authorize the District to put up security and take plaintiff's properties; that the provisions of Art. 3269, R.S.1925, Vernon's Ann.Civ.St. art. 3269, were inapplicable; that Art. 3269, under which the Brazos District was attempting by cross-action in the district court to condemn said plaintiff's properties, was unconstitutional and did not secure to said plaintiffs, or require the payment of, adequate compensation, or deposit of money; that if said statute were applicable to said proceeding, it was unconstitutional and void. It was further alleged in the reply by the Brazos River Gas Company, and other plaintiffs therein, to the Brazos District's motion to dissolve the injunction that the properties of the plaintiffs therein which would be inundated by the proposed reservoir consisted of oil and gas producing properties, oil and gas wells, casing, tubing, pumping equipment, flow lines, pipe line connections and other properties, real and personal, of a tangible and intangible nature, operating as going concerns and having a distinct and separate value as going concerns in addition to the value of the physical properties sought to be condemned; that the District was without power to condemn said plaintiffs' properties because there was no specific legislative authority or machinery for ascertaining the value thereof, and guaranteeing to the plaintiffs the adequate compensation mentioned in the Constitution, and that the power of eminent domain, claimed therein by the Brazos River District, as set out in the acts creating it, were ambiguous, inadequate and inappropriate. The Brazos River Gas Company, and other plaintiffs therein further contended in the Costello case, that sec. 3 of Art. 3268 would not be available to the plaintiffs therein and would be inappropriate and wholly inapplicable. That if it should be

ultimately determined the District had no right to condemn the courts would be reluctant to require partial destruction of the Possum Kingdom Dam to remove the waters from their properties. It was contended that in any event such procedure would be useless because said plaintiffs' properties, and particularly the producing oil and gas wells, would be destroyed and could not be restored. That damages could not be recovered and collected from said District. Said contentions were made by the appellees in the Costello case as some of the grounds why this court should sustain the action of the trial court in refusing to dissolve the injunction restraining the Brazos River District from closing the temporary openings in Possum Kingdom Dam.

For the reasons shown in our opinion in the Costello case, we affirmed the judgment of the District Court refusing to dissolve the injunction. Such action of this and the trial court was reversed by the Supreme Court and the cause was remanded with instructions to the trial court that when the District had deposited the sum of money allowed the plaintiffs by the trial court, as security, and had met the requirements of the law and had "complied with all orders that said court may deem proper to protect said money and the rights of the land owners, the said writ of injunction issued by the trial court shall be dissolved, and said District shall l allowed to close the vents in said dam and take possession of said property, pending the final hearing of the condemnation proceedings on the merits of the case."

If the reasons urged by the Gas Company and others in the Costello case why the injunction therein should not be dissolved had been sustained by the Supreme Court a different judgment from that rendered by it would necessarily have resulted. Holland v. Nimitz, 111 Tex. 419, 232 S.W. 298, 239 S.W. 185; Chapman v. Crichet, 127 Tex. 590, 596, 95 S.W. 2d 360, 96 S.W.2d 64; 3 Tex.Jur. 1129; Cox, Inc., v. Humble O. & R. Co., Tex. Com.App., 16 S.W.2d 285, 286; Houston E. & W. T. Ry. Co. v. Cavanaugh, Tex. Civ.App., 194 S.W. 642, 643, 644, writ refused. We naturally conclude, therefore, that the Supreme Court overruled said contentions and they must accordingly be overruled in the instant case.

Applying the holding of the Supreme Court in the Costello case to the facts of the instant case, the Gas Company was not entitled to the injunction sought by it where the District filed a cross-action, under the provisions of Art. 3269, as amended, Vernon's Ann.Civ.St. art. 3269, seeking to condemn the property, and paid into the registry of the court, as security for the Gas Company, the amount found by the trial court to be sufficient for the Gas Company's protection. The only questions here presented that possibly may not have been presented in the Costello case are that the Brazos River District was not authorized by the law which created it (1) to condemn personal property, and (2) to condemn property of a public utility without alleging and proving that the purposes of the Brazos River District were of paramount importance to the public over that of the Gas Company. The first question is answered by the provisions of the Constitution and statute creating the Brazos River District, and especially by section 13a of said statute which expressly grants to the District the power and right of eminent domain for the purposes of acquiring by condemnation "any and all property of any kind, real, personal or mixed, or any interest therein", other than property or an interest therein without the boundaries of the District owned by "any body politic." The second contention is, we think, sufficiently answered by the quoted provision of Art. 8197f, which provides that the use of property by Conservation and Reclamation Districts for the purposes for which they were created "is hereby declared to be superior to all other uses", the constitutional and statutory provisions creating the Brazos District, the decisions of the Supreme Court in the Costello, McCraw and Tarrant County Water District cases, heretofore cited. Also see 18 Am.Jur. 719, 720, & 723.

The provisions of Art. 3269, as amended in 1931, Vernon's Ann.Civ.St. art. 3269, authorized the Brazos River District, when a suit was brought by the Gas Company in the District Court for an injunction to prevent it from making use of the Gas Company's properties for the purposes of the District, to have all the matters in dispute between the parties settled in that court, and authorized the action of the trial court in refusing the injunctive relief sought when the District complied with the court's order by deposit-

ing the required amount as security for the payment of damages to the Gas Company.

■ The ninth assignment is overruled upon the authority of Chicago, R. I. & G. Ry. Co. v. Tarrant County Water, etc., Dist., 123 Tex. 432, 73 S.W.2d 55, 71, (pars. 17 & 18). Also see, 18 Am.Jur. 895.

■ We overrule the contention that the action of the court with reference to the deposit of $70,000 to the credit of the clerk of the court as security for the Gas Company, as a prerequisite to the denial of injunctive relief to the Gas Company, is a nullity, simply because the deposit was made prior to the entry of such order on the minutes of the court. No authority sustaining the contention is cited, and we have found none.

The judgment of the trial court is in accord with the opinion and directions of the Supreme Court in the Costello case. The judgment is affirmed.