## PIONEER AMERICAN INS. CO. v. KNOX.

### No. 9611.

Court of Civil Appeals of Texas. Austin.
Jan. 29, 1947.

Rehearing Denied Feb. 12, 1947.

Simon, Wynn, Sanders & Jones, of Fort Worth (Marcus Ginsburg, of Fort Worth, of counsel), for appellant.

Renne Allred, of Austin, for appellee.

BAUGH, Justice.

Appeal is from an order of the trial court dismissing, upon motion of appellee, appellant's plea of intervention filed on June 27, 1946, in cause No. 64,803, State of Texas v. United Employers Casualty Company, pending in the District Court of Travis County. In said plea of intervention it is alleged, in substance, that Knox was on March 18, 1941, appointed receiver of the United Employers Casualty Company on the ground that it was insolvent; that said Company had by written contract dated July 20, 1938, taken over all the assets and assumed all the obligations of the Southern Underwriters, an inter-insurance exchange; that subsequently, in February 1942, said Will G. Knox was appointed receiver of

Southern Underwriters (see Glenn H. Mc-Carthy, Inc., v. Southern Underwriters, Tex.Civ.App., 192 S.W.2d 469), and that according to the inventory filed by said Will G. Knox in the suit against Southern Underwriters, the latter was, on July 20, 1938, wholly insolvent, and its contract of that date with United Employers Casualty Company was fraudulent. Appellant further alleged that Knox had allowed claims against the United Employers, under said July 1938 contract, which were the original and primary obligations of Southern Underwriters; that instead of doing so, he should, as receiver for United Employers, have brought suit to set aside the July 1938 contract as fraudulent, which would then have made such claims liabilities only against the Southern Underwriters; that by so doing he would have reduced the liabilities of the United Employers by more than $100,000. It was further alleged that Knox's failure and refusal to do so materially affected the rights of appellant in another suit subsequently brought by Knox as receiver of United Employers against several defendants in the District Court of Harris County, to which suit appellant had made itself a party in June 1946. The prayer in intervention was that the District Court of Travis County, in the pending United Employers receivership, direct Knox to bring a suit to set aside the July 1938 contract between the United and the Southern; or, in the alternative, that a new receiver for the United Employers be appointed to bring such suit.

It is admitted by appellant that it was not at any time a party to either of the above mentioned receivership proceedings; nor is it claimed that it was ever a creditor of either the United or the Southern, or entitled to participate in the assets of either. It is also admitted that under its plea of intervention no judgment could be entered either for or against the appellant. Obviously, therefore, it could have no justiciable interest in the subject matter of the suit in which it sought to intervene, and no right of appeal therefrom. McLean v. Morrow, Tex.Civ.App., 156 S.W.2d 1002.

Not only is that true, but the order dismissing appellant's plea of intervention, which affects neither the parties to the receivership proceedings, nor the continuation of the receivership, is obviously but an interlocutory order. The rule is well settled that, "An interlocutory order is not appealable unless specifically made so by statute." Henderson v. Shell Oil Co., 143 Tex. 142, 182 S.W.2d 994, 995; Brazos River Gas Co. v. Brazos River C. & R. District, Tex.Civ.App., 148 S.W.2d 885; 3 Tex.Jur., § 61, p. 126. The statute, Art. 2250, Vernon's Ann.Civ.St., does authorize an appeal from an order "appointing a receiver," or from one "overruling a motion to vacate an order appointing a receiver," but not from any other character of order. It does not permit an appeal from order refusing to appoint a receiver, nor to remove one receiver and appoint another in his place. See Kitchen v. Printz, Tex.Civ. App., 120 S.W.2d 881. It has been specifically held that "an appeal does not lie from an order dismissing a plea in intervention." Dutton v. Collins, Tex.Civ.App., 75 S.W.2d 327, 328. See also 3 Tex.Jur., § 71, p. 136; § 81, p. 145; 32 Tex.Jur., § 54, p. 85; 36 Tex.Jur., § 63, p. 137. Consequently this court has no jurisdiction to entertain the purported appeal herein. And as stated in Diggs v. Kelly, Tex. Civ.App., 150 S.W. 2d 444, 445, "It is our duty to dismiss the appeal on our own motion when the record discloses that we have no jurisdiction." It is so ordered.

Appeal dismissed.