KOSLOSKY et ux. v. TEXAS ELECTRIC
SERVICE CO.
No. 2684.

Court of Civil Appeals of Texas. Eastland.
Sept. 24, 1948.

Rehearing Denied Oct. 15, 1948.

Klett, Bean, Evans & Justice, of Lubbock, for appellants.

Carl Rountree and Mac Wassell, both of Lamesa, for appellee.

LONG, Justice.

This is an appeal from an order refusing the issuance of a temporary injunction sought by appellants to restrain appellee from constructing and operating an electric light and power line along Gloria Lane, a street in Forrest Park Addition to the town of Lamesa. Appellants Dewey I. Koslosky and wife are the owners of all the lots and blocks in said addition and the streets therein, subject to an easement given the general public to use such streets for public travel. Appellee, the Texas Electric Service Co. is a public service corporation engaged in generating, selling and transmitting electric power, serving the town of Lamesa and surrounding territory.

Without the consent of appellants, appellee, at the time the suit was filed, was engaged in erecting a power line along Gloria Lane, such line being erected from Lamesa to the company's sub-station near Denver City and would, upon completion, carry a very high voltage of electricity. Upon a hearing, the Court rendered judgment refusing to enjoin appellee from constructing and operating said power line upon the

theory that the construction of such line did not constitute a "taking" of appellants' land under the Constitution.

Forrest Park Addition and the street Gloria Lane, along which said power line was being constructed, is not within the city limits of the town of Lamesa. The Commissioners Court of Dawson County issued a franchise attempting to authorize the appellee to construct and maintain electric lines along, over and across public roads and highways of said county. It is undisputed that appellants dedicated the streets in Forrest Park Addition for the use and benefit of the public by executing and filing a plat of such addition in the County Clerk's Office of said county, showing the streets and alleys so dedicated.

■ The law is well settled in this State that electric power corporations have no right to extend their electric wires along a public road. Article 1436, Ver.Ann.Civ. Stat., gives such companies the right of condemnation of rights-of-way for the purpose of constructing electric lines and the further right to erect such lines over and across any public road. But no where are such companies granted the privilege of constructing their lines along such public roads. This question was definitely settled by the Supreme Court in the case of Incorporated Town of Hempstead et al., v. Gulf States Utilities Co., Tex.Sup., 206 S. W.2d 227, 229, wherein the court, speaking through Justice Simpson, after setting out Article 1436, said:

"It is manifest from the language employed that what had been denounced as a nuisance in the Jacksonville case, namely, extending electric wires across a public road, was legalized, and electric power corporations might lawfully suspend their wires 'over and across' public ways, conformably, of course, to all the provisions of the article. Significantly, these corporations were given the extraordinary power of eminent domain, and in connection with extending electric transmission lines along rights of way which they were empowered to acquire either by purchase or condemnation, these companies might, when they came to 'any public road, railroad, railroad right of way, interurban railroad, street railroad, canal or stream in this State,' erect their lines 'over and across' them. And if, for instance, permission to cross a railroad right of way should be refused, electric power corporations might effectively resort to condemnation. In rural areas and unincorporated villages and towns, the companies might not only prosecute the business of intercity or long distance transmission of electric current by wire, but 'at and between' any points they served they might sell electricity and maintain all needed facilities. But in transacting this businesss it was plainly contemplated that they should acquire their own land, easements, and rights of way. They were nowhere given the privilege of employing public ways in their operations except only that they might, as the statute said, erect their lines 'over and across' highways, streets and alleys, where otherwise their power lines would have to stop if they could not cross. And in incorporated cities or towns, it was only with the consent and under the direction of the governing body of the municipality that these lines might be erected 'over and across' public ways.

"The intention to limit the rights of these companies to extending their lines 'across' public ways and not longitudinally appears plain."

■ The Commissioners Court had no power to authorize appellee to construct its lines along public ways. It follows that appellee had no right to construct its power line along Gloria Lane.

■ It is our opinion that the act of appellee in constructing its power line along Gloria Lane without the consent of the appellants or without first taking said land by condemnation proceedings, constitutes a "taking" as contemplated by Article 1, Section 17, of the Constitution, Vernon's Ann. St.

■ We do not agree with the contention made by appellee that appellants have an adequate remedy at law in that they have their suit for damages and that under such circumstances an injunction will not lie. This contention would be correct if the property involved was merely damaged and not taken. Where property is taken, compensation therefor must be paid in advance

or payment thereof secured. Unless such compensation is paid in advance, or unless Article 3269, Ver.Ann.Civ.Stat., is complied with, an injunction should be issued to prevent such taking. Kahn v. City of Houston, 121 Tex. 293, 48 S.W.2d 595; Brazos River Conservation and Reservation District v. Costello, 135 Tex. 307, 143 S.W.2d 577, 579, 130 A.L.R. 1220.

Article 3269 provides that in a case where injunctive relief is sought as is done here, the trial court may, as a prerequisite for denying such relief, require the party seeking condemnation to give such security as the court may deem proper for the payment of any damages that may be assessed against the party seeking condemnation.

Appellee has filed a cross action seeking to condemn the property involved in this suit. It is our opinion that Article 3269 is applicable here, and that the trial court may, in its discretion, fix the amount of security for the payment of damages that may be assessed against appellee for taking the land. If this is done and appellee complies with such order, the injunction should be denied, otherwise, the temporary injunction restraining appellee from operating said power line along Gloria Lane should be granted.

Judgment of the trial court is reversed and cause remanded.