CITY OF SAN ANTONIO et al., Appellants,

v.

Ralph V. EASLEY, Appellee.

No. 14129.

Court of Civil Appeals of Texas.

San Antonio.

May 22, 1963.

Rehearing Denied June 19, 1963.

Crawford B. Reeder, San Antonio, Waggoner Carr, Atty. Gen., T. B. Wright, Asst. Atty. Gen., Austin, Ritchie, Ritchie & Crosland, Dallas, for appellants.

Schweppe, Schweppe & Allison, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted by Ralph V. Easley against the City of San Antonio and others, seeking a permanent injunction prohibiting the City from erecting a continuous concrete median strip on Southwest Military Drive in front of a restaurant operated by him. Such a strip would prevent vehicles being operated in an easterly direction on Southwest Military Drive from turning north so that they might reach plaintiff's place of business, as they have been accustomed to do, and would prevent traffic on Hilton Avenue moving south, from entering the south lane of this drive.

The trial was to the court without the intervention of a jury and resulted in judgment granting the permanent injunction as prayed for, from which judgment the City and other defendants have prosecuted this appeal.

We here insert a plat showing the proposed median strip and the effect it will have upon the traffic.

EASLEY
RESTAURANT

30' DRIVEWAY

30' DRIVEWAY

S. W. MILITARY

HILTON AVE.

INTERSTATE

HWY. 35

DRIVE

1" = 100'

PLAT SHOWING LOCATION
OF EASLEY RESTAURANT
AT INTERSECTION OF
S. W. MILITARY DRIVE AND
INTERSTATE HWY. 35

Appellee contends that the construction of the median strip would take his property without compensation, but when analyzed the only injury he will suffer is free access to traffic traveling east on Southwest Military Drive. It can readily be seen from the undisputed facts that the construction of the proposed median strip will only prevent east-bound traffic on Southwest Military Drive from turning left directly into appellee's restaurant or left into Hilton Avenue, and from leaving his restaurant and proceeding directly east on Southwest Military Drive. This may lessen the traffic which might reach his restaurant or, in any event, cause it to travel a circuitous route to reach his place of business. This is a "Flow of Traffic" and not an "Access" case.

As is said in 73 A.L.R.2d, p. 692, § 3:

"Regulations and regulatory devices, applicable to all traffic, such as one-way streets, stop lights, stop lines, prohibitions against certain turns, etc., which merely impose some circuity of route upon the abutter, have been universally upheld against contentions that access was impaired."

■ An abutting property owner has no vested interest in the traffic that passes in front of his property. Pennysavers Oil Co. v. State, Tex.Civ.App., 334 S.W.2d 546. In State of Texas v. Baker Bros. Nursery, Tex., 366 S.W.2d 212, the Supreme Court, speaking through Justice Griffin, said:

"The Court of Civil Appeals further held that it was error for the trial court to sustain a motion made by the State in advance of the trial, which not only sought to suppress any reference by counsel to, or any evidence of, the direction of the flow of travel upon the proposed limited access highway resulting from the condemnation, but further to likewise suppress reference or evidence of any circuity of travel oc-

casioned by such highway. This was not a case where all access to the new highway was denied, but a case where each remaining tract had access to the highway through the frontage roads alongside and parallel to the highway. Under these circumstances, there was no error by the trial court in sustaining the State's motion to suppress."
See also Holbrook v. State, Tex.Civ.App., 355 S.W.2d 235.

■ The purpose of the median strip is to aid in the regulation of traffic on both Southwest Military Drive and International Highway 35. This is a reasonable exercise of police power by the City. City of San Antonio v. Pigeonhole Parking of Texas, Inc., 158 Tex. 318, 311 S.W.2d 218, 73 A.L.R.2d 640.

■■ Even if the evidence had shown that the City was acting arbitrarily, capriciously and unreasonably, which it does not, the appellee was not entitled to the injunction granted. Appellee's property at most was only damaged, no part of it was actually taken. Equity will not enjoin the damaging of private property for public purposes. Koslosky v. Tex. Elec. Serv. Co., Tex.Civ.App., 213 S.W.2d 853; Webb v. Dameron, Tex.Civ.App., 219 S.W.2d 581.

■■ There is no "taking" in the constitutional sense in the absence of a physical appropriation. Fort Worth Imp. Dist. No. 1 v. City of Fort Worth, 106 Tex. 148, 158 S.W. 164, 48 L.R.A.,N.S., 994; McCammon & Lang Lumber Co. v. Trinity & B. V. R. Co., 104 Tex. 8, 133 S.W. 247, 36 L.R.A.,N.S., 662; Dallas Hunting & Fishing Club v. Dallas County Bois D'Arc Island Levee Dist., Tex.Civ.App., 235 S.W. 607. The most that appellee would be entitled to would be the right to maintain a cause of action for damages.

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing and pay all costs.