

# The Attorney General of Texas

November 30, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Reed Quilliam, Executive Director
State Bar of Texas
14th Street and Colorado
Austin, Texas   78711

Opinion No.  MW-400

Re:   Construction of amend-
ments to article 3923, V.T.C.S.,
enacted by Sixty-seventh
Legislature

Dear Mr. Hanna:

You request our opinion as to the effect on article 3923,
V.T.C.S., of two amendments enacted by the Sixty-seventh Legislature.
You specifically ask whether Senate Bill No. 265 and Senate Bill No.
1165 may be reconciled so that full effect may be given to both.

Senate Bill No. 1165, enacted by the legislature on May 29, 1981,
amended article 3923, V.T.C.S., by raising the fees, costs, and
deposits to be received by the clerk of the supreme court. Senate
Bill No. 265, enacted on June 2, 1981, amended numerous statutes to
implement the constitutional amendment granting criminal appellate
jurisdiction to the former courts of civil appeals. See Tex. Const.
art. V, §6. The majority of the amendments enacted by Senate Bill No.
265, including the amendment to article 3923, merely struck the word
"civil" from references to the court of civil appeals. This amendment
to article 3923, V.T.C.S., reads in pertinent part:

(A)   The Clerk of the Supreme Court shall
receive the following fees and costs:

1.   For the filing of records, applications,
motions, briefs, and other necessary and proper
papers; for the docketing and docket and minute
book entries; for issuing notices, citations,
processes, mandates; and for the performance of
other proper and necessary clerical duties in
cases before the court, he shall receive the fee
set out opposite each class of the following
cases:

(a)   Application for writ of error.....$10.00

. . .

(e)   Certified questions from the Court of
Appeals to the Supreme Court................ 25.00

Acts 1981, 67th Leg., ch. 291, §58, at 787.  The provisions setting fees, costs, and deposits for the clerk of the supreme court were left unchanged from the law as it existed prior to amendment by Senate Bill No. 1165.  Your question, then, is whether the enactment of Senate Bill No. 265 effectively leaves the article 3923 fees as they were, notwithstanding the enactment of Senate Bill No. 1165.

Amendments to the same statute, and in particular amendments enacted at the same session of the legislature, will be construed in harmony if at all possible.  Wright v. Broeter, 196 S.W.2d 82 (Tex. 1946).  In construing any statute, the courts will seek to effectuate the intent of the legislature and not to defeat it.  Brazos River Conservation and Reclamation District v. Costello, 143 S.W.2d 577 (Tex. 1940).  The controlling intent expressed in Senate Bill No. 1165 was to increase the fees, costs, and deposits to be received by the clerk of the supreme court, while the legislative intent underlying Senate Bill No. 265 was to change the designation of the courts of civil appeals to "court of appeals."  In amending article 3923, the legislature was required by article III, section 36 of the Texas Constitution to reenact and publish at length the section amended. See State Highway Department v. Gorham, 162 S.W.2d 934 (Tex. 1942). We believe the legislature republished the prior fee schedule in order to satisfy the requirements of article III, section 36, and not to nullify its enactment of Senate Bill No. 1165.  The two amendments to article 3923, V.T.C.S., can be harmonized and given effect when the purpose of each is understood.  In our opinion, the fees, deposits and costs established by Senate Bill No. 1165 are now in effect.

### S U M M A R Y

The costs and deposits set out in Senate Bill No. 1165 amending article 3923, V.T.C.S., are in effect and were not impliedly repealed by Senate Bill No. 265.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood