EPISD 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00686-CV







El Paso Independent School District, Appellant



v.



John Sharp, Comptroller of Public Accounts,


State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT


NO. 92-11004, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING








 Appellant El Paso Independent School District (hereinafter "EPISD") sought
judicial review in district court challenging the Comptroller's valuation of EPISD's taxable
property for the 1991 reporting year. The district court granted the Comptroller's motion for
summary judgment and denied EPISD's motion for summary judgment, holding that a statutory
presumption favoring EPISD's valuation over the Comptroller's did not apply to the 1991
reporting year. We will affirm the district court's judgment.


 

THE CONTROVERSY


 In this appeal, we are asked to construe former section 11.86(i) of the Texas
Education Code, one of several amendments added to section 11.86 in 1991. See Act of August
25, 1991, 72d Leg., 2nd C.S., ch. 6, § 62, 1991 Tex. Gen. Laws 26, 40 (Tex. Educ. Code Ann.
§ 11.86(i), since repealed) (hereinafter "Former § 11.86(i)"). The amendments changed the
method of conducting annual studies to determine the total value of taxable property within Texas
school districts. The taxable value of the property in a school district directly determines the
amount of educational funding that the district receives from the State.

 Before the 1991 amendments, the annual valuation was conducted by the now
defunct State Property Tax Board. The Board conducted its studies under the following statutory
mandate:



(a) The board shall conduct an annual study using comparable sales and other
generally accepted techniques to determine the total value of all taxable
property in each school district . . . . [I]n conducting the studies, the board
shall use appropriate standard valuation, statistical compilation, and analysis
techniques . . . .



Act of May 29, 1989, 71st Leg., R.S., ch. 534, § 4, 1989 Tex. Gen. Laws 1749, 1751-52 (Tex.
Educ. Code Ann. § 11.86(a), since repealed). Subsections (e) and (f) of the pre-1991 version of
section 11.86 provided procedures for school districts to protest valuation before the Board and
to appeal the determination of a protest to the district court of Travis County. However, before
the 1991 amendments, the Board's valuation, if reasonable, clearly prevailed over a valuation by
the school district. Id. 

 In the 1991 amendments, the Texas Legislature transferred responsibility for
conducting the valuation studies from the State Property Tax Board to the Comptroller and also
added a "local value presumption":



If the comptroller finds in the annual study that generally accepted appraisal
standards and practices were used by the appraisal district in valuing a particular
category of property, and that the taxable values assigned to each category of
property by the appraisal district are valid, the appraisal roll value of that category
of property is presumed to represent taxable value.



Act of May 24, 1991, 72d Leg., R.S., ch. 843, § 2, 1991 Tex. Gen. Laws 2905, 2905-06 (Tex.
Educ. Code Ann. § 11.86(a)(2), since repealed and codified at Tex. Gov't Code Ann.
§ 403.302(c)). Thus, under the local value presumption, if the Comptroller finds that the district
used proper accounting practices and that the taxable values assigned to each category of property
are reasonable, the local appraisal value is presumed to represent taxable value and is used instead
of the Comptroller's valuation when computing the total value of all property within the district. 
See id.

 Later in 1991, the Legislature acted in a special session at the behest of the
Comptroller and added subsection (i) to section 11.86. Subsection (i) provided that the local value
presumption would not be applied until the 1992 reporting year and also specified the method to
be used for 1991:



(i) Performance of the annual study and the application of a presumption of
appraisal roll values in the manner specified by Subsection (a) of this section,
as amended by Chapter 843, Acts of the 72nd Legislature, Regular Session,
1991, shall commence beginning with the 1992 annual study. In conducting
the 1991 study, the comptroller shall use comparable sales and other
generally accepted techniques to determine the total value of all taxable
property in each school district . . . . This subsection expires on January 1,
1992.



Former § 11.86(i) (emphasis added).

 As specified in section 11.86(i), the Comptroller conducted his 1991 annual
valuation study using the pre-1991 method and did not apply the local value presumption. EPISD
filed a protest with the Comptroller challenging his determination and requested that the
Comptroller apply the local value presumption. The Comptroller, citing section 11.86(i), denied
EPISD's request and applied his own valuation instead of EPISD's local valuation. EPISD then
filed suit in district court appealing the Comptroller's refusal to apply the presumption.

 At trial, EPISD asserted that the Comptroller had erred in not applying the local
value presumption. EPISD argued that because section 11.86(i) of the Code provided that it
would expire on January 1, 1992, the subsection should not apply to the 1991 study because the
Comptroller's report for that year was not filed until February 1992. The Comptroller argued that
section 11.86(i) of the Texas Education Code specifically stated that use of the local value
presumption would not commence until the 1992 annual study. The district court granted the
Comptroller's motion for summary judgment on the ground that the local value presumption did
not apply to the 1991 study and, accordingly, denied EPISD's motion for summary judgment. 
EPISD appeals by two points of error, both of which attack the district court's summary judgment
rulings.



DISCUSSION


 In its two points of error, EPISD challenges the trial court's ruling on the parties'
cross-motions for summary judgment. The facts of the case are undisputed; the parties stipulated
all material facts in the trial court. Therefore, we need only decide whether the trial court
properly determined that the Comptroller was entitled to judgment as a matter of law. See Nixon
v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 This appeal presents a straightforward case of statutory construction. In construing
a statute, we look to its plain meaning. Moreno v. Sterling Drug, 787 S.W.2d 348, 352 (Tex.
1990). Under the plain meaning rule, if a statute is clear and unambiguous it should be given its
common everyday meaning. Cail v. Service Motors, Inc., 660 S.W.2d 814, 815 (Tex. 1983); see
Tex. Gov't Code Ann. § 311.011(a) (West 1988). Section 11.86(i) clearly and unambiguously
states that the application of the local value presumption "shall commence beginning with the 1992
study." Former § 11.86(i). Furthermore, the statute also clearly requires that the old method be
used in 1991: "In conducting the 1991 study, the comptroller shall use comparable sales and other
generally accepted techniques to determine the total value of all taxable property in each school
district." Id. The statute, in the clearest possible terms, supports the Comptroller's position.

 EPISD, however, argues that this appeal is controlled by the statute's expiration
date, which states: "This subsection expires on January 1, 1992." Former § 11.86(i). EPISD
contends that because the 1991 report compiled by the Comptroller was not actually completed
and published until February 1992, the application of subsection (i) to the 1991 study is invalid. 
EPISD argues that because the Legislature was aware that the Comptroller's findings of value
were not required to be filed until February 1st, a full month after the statutorily mandated
expiration date of subsection 11.86(i), it intended that the local value presumption would apply
to the 1991 value study after the expiration date. Under EPISD's interpretation, the statute would
apply only to a very narrow window of time between November 24, 1991 (the effective date of
the statute) to January 1, 1992 (the expiration date of the statute).

 We reject EPISD's argument because it contradicts the clear intention of the
Legislature in enacting the statute. See Tex. Gov't Code Ann. §§ 311.023(3), 312.005 (West
1988) (court may examine legislative history even if statute is unambiguous). We ascertain the
intent of the Legislature by examining the entire Act, not from isolated provisions. See City of
Mason v. West Texas Utils. Co., 237 S.W.2d 273, 278 (Tex. 1951). "An Act [of the Legislature]
should be given a fair and sensible construction, in order to carry out the purposes for which it
was enacted, and not be construed in such manner as to nullify or defeat its purposes." Brazos
River Conservation & Reclamation Dist. v. Costello, 143 S.W.2d 577, 580 (Tex. 1940). We
believe the intent of the Legislature in enacting section 11.86(i) is clear: the statute was an
interim provision that provided specific directions to the Comptroller for conducting annual
valuation studies of the school districts within the State of Texas, with the old method to be used
for the 1991 reporting year, and the new local value presumption to be used in the 1992 reporting
year and thereafter. To adopt EPISD's position would defeat the statute's clear purpose. We
decline to adopt a construction of the statute suggesting that it was enacted to apply only to a small
window of time from November 24, 1991 to January 1, 1992. Our analysis is supported by the
statute's legislative history. See House Committee Report First Printing on Senate Bill 45, 72nd
Legislature, Second Called Session, 1991. The Bill Analysis in the Committee Report states that
subsection (i) "[r]equires the performance of the annual study and the application of a presumption
of appraisal roll values to commence beginning with the 1992 annual study." Id. Thus, we hold
that the Comptroller properly refused to apply the local value presumption in conducting its 1991
study.


 

CONCLUSION


 The district court did not err in granting summary judgment for the Comptroller
and in denying EPISD's motion for summary judgment. The Comptroller complied with section
11.86(i) of the Texas Education Code for the 1991 study. EPISD's interpretation of the statute,
which would require application of the local value presumption, contravenes both the plain
language of the statute and the Legislature's intent in enacting it. We therefore affirm the
judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd 

Affirmed

Filed: June 5, 1996

Publish