**ALLEN et al. v. BRAZOS RIVER CON-SERVATION & RECLAMATION DIST.**

No. 2308.

Court of Civil Appeals of Texas. Eastland.

March 20, 1942.

Rehearing Denied Nov. 13, 1942.

J. R. Creighton and Geo. M. Ritchie, both of Mineral Wells, for appellants.

T. T. Bouldin, of Mineral Wells, and Sidney L. Samuels, of Fort Worth, for appellee.

FUNDERBURK, Justice.

In a condemnation proceeding by Brazos River Conservation and Reclamation District (hereinafter called the District) brought to condemn lands, and interests in lands, owned by C. E. Allen and E. B. Ritchie et al. the Commissioners awarded damages in the sum of $21,580. In due time the District filed exceptions to the award, thus transferring active jurisdiction of the subject to the County Court, where the case is still pending.

The pleadings by which the condemnation proceedings were initiated originally described 1,055.01 acres of land and sought its appropriation by the District to the extent of the fee simple estate therein. Upon the hearing before the Commissioners the land owners sought to show that the subject of the proposed condemnation included valuable oil and gas interests necessary to be taken into consideration in assessing the damages. The District, through its attorneys, proposed to change the subject-matter of the condemnation from 1,-055.01 acres to 642 acres, and the extent of the appropriation from a fee simple estate to an easement, excluding the oil and gas, subject to a covenant of the land owners to so operate as not to contaminate the water in the District's lake. This proposition was accepted by the land owners and the entire agreement included the waiver by the latter of any damages for flooding lands above contour lines bounding the lands in which the easement was to be appropriated. (The difference between the acreage of 1,055.01 and 642 was that lying outside of such contour line). By mutual consent of all parties, the papers were changed so as to reflect such agreement and the hearing was continued just as though the purpose of the District in the first place had been to condemn an easement only in the 642 acres of land, instead of a fee simple estate in the 1,055.01 acres.

In order to appropriate the easement in the land before a determination, in the County Court, of the proper amount of

damages to be paid, the District deposited the amount of the Commissioners' award of $21,580' (R.S.1925, Art. 3268, Vernon's Ann.Civ.St. art. 3268) and thereupon closed the gaps in its dam and appropriated the land by flooding it as contemplated.

On January 1, 1942, while such proceeding was pending in the County Court, the District initiated a new condemnation proceeding seeking to condemn the same 1,-055.01 acres of land to the extent of the fee simple estate therein as originally sought; that is, before the agreement was made pending the hearing, as aforesaid. The land owners filed in the County Court a petition for injunction, praying for a temporary restraining order and for a temporary injunction prohibiting the District from proceeding with said second condemnation. The only permanent relief prayed was that "upon hearing, such injunction be made permanent."

The court granted the temporary restraining order, but upon hearing refused the temporary injunction, from which action C. E. Allen and E. B. Ritchie have appealed. Said appellants will hereinafter be referred to as plaintiffs.

■■ The question is: Did the court err in refusing the temporary injunction? More concretely and more comprehensively stated, the question, or at least, the main question, is: When an agency of government having the power of eminent domain to the extent (it is assumed without deciding) of appropriating the fee simple estate in lands has proceeded according to law to condemn an easement only in certain lands and from an unsatisfactory award of damages has appealed to the County Court and in advance of a trial in County Court has appropriated the land·to the purposes of its condemnation by depositing the amount of the award, has it the lawful power or right to ignore the pending action in the County Court by instituting and prosecuting a new proceeding to condemn the same land and interest by inclusion thereof in a larger tract which it seeks to appropriate to the extent of a fee simple estate therein? We think this question must be answered in the negative. The attempted condemnation of the 642 acres of land to the extent of an easement therein is not void, nor is any claim made to that effect. Only the District was dissatisfied with the award of damages. It had the right by timely objection to the award to have the County Court determine the amount of damages to be paid. It did not have the right by merely invoking the jurisdiction of the court to determine the proper amount of damages, to enter upon and take possession of the land in advance of such determination. It acquired that right, and exercised it, only by depositing the amount of the award. The deposit of $21,580 constituted the legal equivalent of the payment of the damages for taking the land. Buffalo Bayou, B. & C. R. Co. v. Ferris, 26 Tex. 588, 602. The deposit constituted in law a fund in the control of the court, and out of the control of the District, with which to enforce certain and sure execution of whatever judgment the court should render in the pending suit. Under these circumstances, may the District, having invoked the jurisdiction of the County Court as part of the necessary means of empowering it to enter upon and take possession of the lands, without actual payment therefor, in effect take a nonsuit, and while holding possession of the lands start all over again to condemn it merely by including more area and a greater estate therein? What—it is pertinent to ask—is to become of the $21,580 deposit? In equity and good conscience, it would seem, if the District abandons the appeal—the sole practical purpose of which was to procure an adjudication that a smaller sum should be paid as damages—the $21,580 should be paid to the landowners. It is true the appeal nullified the award of the Commissioners but it is also just as certainly true that the District could not by such appeal enter and take possession of the land without paying the amount of the award, or depositing the same as it did. Under the peculiar facts presented, the District cannot give back the possession. It is using the land and may continue forever to use it, just the same as if it had accepted the award of the Commissioners and had paid the $21,580 to the landowners. Included in the jurisdiction of the County Court invoked by the District is the power and duty to make final disposition of the $21,580. How can the court exercise that phase of its jurisdiction if the proceeding herein sought to be enjoined is permitted? The new proceeding, if pursued to a conclusion, would undoubtedly, it seems to us, render nugatory any judgment of the County Court in the pending suit which, as it would be supposed to do, endeavored to give effect to the purposes involved in the requirement for the deposit.

Revised Civil Statutes 1925, Art. 4642, empowers judges and courts to grant writs

of injunction under particularly enumerated circumstances, among them, "where a party does some act respecting the subject of pending litigation * * * in violation of the rights of the applicant when said act would tend to render judgment ineffectual." In our opinion, the present action, although, perhaps, docketed as an independent suit, is shown both by the averments of plaintiffs' petition and the evidence supporting same, to be a proceeding ancillary to the pending condemnation suit in the same court. If so, this answers the District's contention to the effect that the court properly refused to grant the temporary injunction because to have done so would have afforded practically all the relief sought by the suit—the proposition to support which our opinion in Morgan v. Smart, Tex.Civ.App., 88 S.W.2d 769, was cited and urged as an authority.

It answers, also, the contention that the injunction was not proper on the ground that there appeared to be no absence of an adequate remedy at law. The court's power to issue the injunction was not wholly dependent upon the above quoted statute. The power to enjoin interference with the exercise of its jurisdiction in a pending suit or action is inherent. That is just as true of the County Court as it was held to be of the Supreme Court in Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1068, wherein the court said: "This power to issue all writs necessary to enforce our jurisdiction finds its sanction in the Constitution, and exists, regardless of statutory omissions or declarations." In our opinion, it may be declared as a matter of law that when a court of general jurisdiction, such as the County Court, acquires active jurisdiction of a case and there is a threatened interference with such jurisdiction, there is no remedy to protect such jurisdiction more adequate than injunction, prohibition or some other such extraordinary writ.

Under these views, no controlling or important effect has been given to the agreement by which the documents in the original hearing before the Commissioners were changed. The rights of the parties are deemed to be the same as though the original petition and all subsequent proceedings from the first related to an easement only in the 642 acres of land.

We are not called upon to determine, and, therefore, do not determine, whether the District would have the right by excluding the interest already condemned, by a new proceeding during the pendency of the existing suit, condemn the additional acreage and/or additional estate in the lands beyond the easement already condemned. In such a case, it seems to us, the agreement might become important. We express no opinion upon this point.

Being of the opinion that the court erred in refusing the temporary injunction; that the judgment should be reversed for that reason, and the court directed to issue same as prayed, effective until final judgment in the condemnation suit, it is accordingly so ordered.