## BRAZOS RIVER CONSERVATION & RE-CLAMATION DIST. v. ALLEN et al.

### No. 2293.

Court of Civil Appeals of Texas. Eastland.

Oct. 16, 1942.

Rehearing Denied Nov. 13, 1942.

Fred Arnold, of Graham, T. T. Bouldin, of Mineral Wells, Sidney Samuels, of Fort Worth, for appellant.

Geo. M. Ritchie and J. R. Creighton, both of Mineral Wells, for appellees.

LESLIE, Chief Justice.

The Brazos River Conservation and Reclamation District, hereinafter referred to as the District, instituted this suit against C. E. Allen and E. B. Ritchie et al. in the District Court for an injunction to prevent their taking and receiving from the Clerk of the *County Court* of Palo Pinto County certain money representing the amount of an award theretofore deposited with said Clerk by the District in a condemnation proceeding. The Clerk and county depository were also made parties and an injunction sought against them to prevent their paying said money to Allen and Ritchie.

On ex parte hearing the district judge granted a temporary restraining order. Thereafter, Allen and Ritchie et al. filed motion to dissolve, and upon a hearing at the 1941 October term of said court the motion was granted and the temporary restraining order dissolved. The court, however, ordered the injunction to remain in force pending appeal. From that ruling this appeal is prosecuted by the District.

The appellant challenges the correctness of the judgment by nine assignments of error and eight points thereunder.

The first five points present in substance the same contention. The first, second, and fifth present clearly the controlling question and three and four will not be stated.

By the first point it is contended that: "A fund awarded by commissioners in condemnation to an owner of land as compensation and damages for public use, as in this case, is not payable to the condemnee where possession of the land has not been taken under the award and objections and exceptions have been duly presented and filed by the condemnor so as to transfer the cause on such objections and exceptions to the County Court for trial on the merits."

The second point insists that: "An award of commissioners in condemnation where objections and exceptions thereto have been duly and seasonably presented and filed so that such proceeding is transmitted to the County Court for hearing before a jury on the amount of damages is not final so as to confer upon the owner of lands the undisputed right to such fund or the right to withdraw same from the Clerk of the court where such deposit has been made, until the cause is tried on its merits. Pending the trial on the merits the County Judge has no authority to order the payment of such award to the condemnees, particularly as in this case where possession of the property had not been taken under the award by the condemnor."

The fifth point makes the simple proposition that: "The County Court as such, nor the County Judge thereof, had jurisdiction in advance of the trial on the merits of the cause to direct the appropriation of the award made by the commissioners in condemnation to the use of the owner."

Either point sufficiently presents the question, but the five will be grouped and considered together. A further statement of the facts and background of this litigation is necessary.

The activities of the Brazos River Conservation and Reclamation District, in its endeavor to carry out the purposes for which it was created, have given rise to other litigation, throwing more or less light —in a collateral way, at least,—on the issues of this suit. Such will be briefly referred to:

The suit by E. P. Costello et al. against the District and others to enjoin flooding plaintiffs' lands and other property by closing openings in the dam marks the beginning of this litigation. That will be referred to as the Costello case. It originated in the District Court, and on March 6, 1940, that Court granted an injunction to said parties to prevent the flooding of their property until condemnation could be had or their property purchased. For details of that litigation, see this Court's opinion in Brazos River Const. Co. v. Costello, 142 S.W.2d 414; Id., 135 Tex. 307, 143 S.W.2d 577, 130 A.L.R. 1220.

Thereafter, on March 25, 1940, the District filed with the County Judge of Palo Pinto County a petition against Allen and Ritchie to condemn 1055 acres in fee simple. This became Cause No. 2576 in the County Court, and when the same came up for hearing, various contentions, pro and con, were made by the litigants, and to eliminate some of them, the District agreed to modify its demands in various respects, and its petition in condemnation (2576) was (after its filing) changed in its terms so as to seek and include an easement only in about 642 acres of the Allen and Ritchie lands. This alteration in the District's demands was made under the circumstances disclosed by the recent case of C. E. Allen et al. v. Brazos River Conservation and Reclamation District, 166 S.W.2d 386, decided by this Court March 20, 1942. That opinion refers briefly and in substance to the terms and mutual understanding by the litigants at the time the District's demands were modified.

Under the District's petition, as modified, commissioners in condemnation proceeded in the discharge of their duties, and on May 24, 1940, filed a report awarding $21,582 as damages, which condemnees, Allen and Ritchie, would sustain by reason of condemnation of an easement in the 642 acres of land. In making the award the commissioners recited, in part, in their report: "And the Commissioners having valued the said easement as not including oil, gas, and other minerals in place, and as subject to the rights of defendants, their heirs and assigns, to enter upon the land and mine and remove such minerals, and operations to be conducted in such way as not to pollute the waters of the reservoir."

On May 29, 1940, the District filed exceptions to the award and appealed to the *County Court*. For the purpose of taking possession of the easement in the 642 acres under the provisions of Article 3268, Ver-

non's Ann.Civ.St., it deposited with the County Clerk the amount of the award. The County Clerk's receipt therefor reads, in part, as follows:

"The said amount of $21,582.00 being placed with the said County Clerk and in the registry of the County Court, as provided by law, so that the said Brazos River Conservation and Reclamation District will have the right, power and authority to take control and possession of said land described in said award heretofore referred to, and that the said $21,582.00 is to be placed by me, as County Clerk, aforesaid, in the State National Bank of Mineral Wells, Texas, the said bank being the County Depository of Palo Pinto County, Texas, which has been designated under the laws of this state as said depository by the Commissioners Court of Palo Pinto County, Texas; said amount to be placed in a special fund known as "Trust Fund" and there to remain in said bank, *subject to the orders of the Honorable County Court of Palo Pinto County, Texas.*

"The above said cause is now pending in the County Court of Palo Pinto County, Texas, by virtue of the award being filed in said court and exceptions to said award having been prepared and filed in said County Court by the Brazos River Conservation and Reclamation District, and is Cause No. 2526 on the docket of said court, and styled 'Brazos River Conservation and Reclamation District vs. C. E. Allen, et al'." (All italics ours.)

As further shown by the record in the Costello case, the District on May 25, 1940, filed a cross action for condemnation in that case in said District Court against all plaintiffs therein, except Allen and Ritchie, and also filed on May 27, 1940, against all plaintiffs its motion to dissolve the injunction granted by the District Judge on March 6, 1940.

In the District's motion (May 27, 1940) to dissolve the injunction granted March 6, it was alleged that the condemnation proceeding against Allen and Ritchie in the *County Court* had reached the point above indicated, that is, the condemnation proceeding in said County Court had progressed to the deposit of the $21,582 by the District with its exceptions to the award, etc.

On October 2, 1940, while the appeal in the Costello case was still pending, the *District* returned to the District Court and filed therein a cross action against Allen and Ritchie for condemnation of the fee simple title to said 1055 acres of land. No mention was made by it in such cross action of the proceeding previously initiated by it March 25, 1940, and then pending as Cause 2526 in the County Court, or of the agreement made by the parties in the condemnation hearing May 24, 1940, by which the acreage and estate was reduced from 1,055 acres in fee to 642 acres easement. No explanation was given for filing such cause of action in the District Court October 2, 1940, although the deposit of $21,582 had been made by it June 4, 1940, and possession taken under the County Court proceeding.

Immediately after the District filed the cross action in the District Court against Allen and Ritchie, they called on the County Clerk of Palo Pinto County to deliver them the $21,582 and upon her refusal they filed a motion on October 12, 1940, in Cause 2526 in County Court for an order requiring payment to them of such fund.

October 14, 1940, Allen and Ritchie filed answer in Cause 2526 in County Court. In this they alleged the facts leading up to the making of said deposit, and that by reason thereof the District had taken possession of the easement in the 642 acres. They also asked affirmative relief by trial on the merits and a determination of the amount of damages, etc., and judgment for same.

On October 23, 1940, the District filed in Cause 2526 in County Court its motion to dismiss that proceeding, and also applied for permission to withdraw the $21,582 deposited with the Clerk.

On same date Allen and Ritchie filed numerous objections to the dismissing of said suit on the ground that the District had by means of the hearing and award and the deposit thereof, obtained the right to take immediate possession of the property and flood the same and, if the cause were dismissed, the landowners would be without any relief or any deposit and the property would be taken or destroyed.

They further alleged, and the facts so show, that the District was proceeding to complete the dam and had not in any respect abandoned the project, and that the District would then and thereafter need the property sought to be taken in Cause No. 2526. They further alleged in detail the making of the agreement before the Commissioners and the District's alleged violation of the same by filing cross action October 2nd in the District Court for con-

·demnation of the larger acreage (1055) .and estate in fee.

October 23, 1940, the County Court heard the District's motion to dismiss and Allen and Ritchie's answer thereto and overruled the motion.

October 30, 1940, Allen and Ritchie filed in the Costello case (14971 District Court) a plea in abatement to the cross action filed therein October 2, 1940, against them, alleging the pendency of the proceedings (2526) in the County Court, which cause the County Court on October 23, 1940, refused to permit the District to dismiss.

November 7, 1940, after a hearing, the District Court sustained said plea in abatement and dismissed the District's cross action filed October 2nd.

In the meantime the Supreme Court had reversed the Costello case and directed the District Court to dissolve the injunction originally granted the landowners. See 135 Tex. 307, 143 S.W.2d 577, 130 A.L.R. 1220.

On December 21, 1940, the *County Court* granted Allen and Ritchie motion to take down the award of $21,582 and directed the clerk to pay the same to them.

On December 23, 1940, the District filed this suit in the *District Court* for an injunction to prevent the Clerk from carrying out the *County Court's* order above mentioned, and to prevent Allen and Ritchie from taking down said funds. As before stated, a temporary writ was granted ex parte January 23, 1941, Allen and Ritchie filed motion to dissolve the same. After a hearing, the motion was granted by the District Court December 10, 1941, but the order continued the same in effect pending this appeal.

The deposit of $21,582 was made in compliance with Article 3268, Vernon's Ann. Civ.St., and its provisions set forth the method to be employed by the condemnor when it desires to take possession, pending appeal to the County Court. That article reads:

"1. It shall pay to the defendant the amount of damages awarded or adjudged against it by the commissioners, or deposit the same in money in court, *subject to the order of the defendant,* and also pay the costs awarded against it.

"2. In addition thereto, it shall deposit in said Court a further sum of money equal to the amount of the damages awarded by the Commissioners, and which shall be held, *together with the award itself,* should it be deposited in Court instead of being paid, exclusively to secure all damages that may be awarded or adjudged against the plaintiff; and it shall also execute a bond with two or more good and solvent sureties, to be approved by the Judge of the Court in which such condemnation proceedings are pending, conditioned for the payment of any further costs that may be adjudged against it, either in the Court below or upon appeal. * * *

"3. Should it be determined on final decision of the case that the right to condemn the property in question does not exist, the plaintiff shall surrender possession thereof, if it has taken possession pending litigation, and the court shall so adjudge and order a writ of possession for the property in favor of the defendant, and the court may also inquire what damages, if any, have been suffered by the defendant by reason of the temporary possession of the plaintiff, and order the same paid out of the award or other money deposited; provided, *that in any case where the award paid the defendant or appropriated by him exceeds the value of the property as determined by the final judgment, the court shall adjudge the excess to be returned to the plaintiff."* (Italics ours.)

On general principles and the authority of Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, 1071, we conclude that since the Conservation District by its suit (2526) filed March 25, 1940, first invoked the jurisdiction of the *County Court* over the subject matter of this condemnation proceeding, and nothing occurred thereafter to destroy or waive such jurisdiction, the *District Court* had no authority to interfere by injunction, or otherwise, with Cause 2526 pending in said County Court, or with the latter Court's right to decide every material issue arising therein.

In the Cleveland-Ward case our Supreme Court quoted with approval as follows from the Supreme Court of the United States in the opinion in Peck v. Jenness, 7 How. 612, 624, 12 L.Ed. 841:

"It is a doctrine of law too long established to require a citation of authorities, that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court, and the right of a plaintiff

to prosecute his suit in it, have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity. For, if one may enjoin, the other may retort by injunction, and thus the parties be without remedy; being liable to a process for contempt in one, if they dare to proceed in the other."

■ Under the circumstances of this case, the fact that the District by its cross action of October 2nd (to which Allen and Ritchie's plea in abatement was sustained November 7, 1940) sought to return to a condemnation of the original acreage (1,055) and the fee therein has no controlling effect nor should it modify the above conclusions. As stated in this Court's opinion of March 20, 1942, 166 S.W.2d 386, we are not now passing on the rights of the District to condemn in a proper proceeding necessary additional acreage over and above the 642 here involved. We do hold, however, that the facts presented show the District Court was without power or jurisdiction to interfere with or control by injunction the determination of questions by the County Court in a condemnation proceeding properly brought and then pending in said Court. Lone Star Gas Co. v. Birdwell, Tex. Civ.App., 74 S.W.2d 294. Housing Authority v. Higginbotham, Tex.Civ.App., 143 S.W.2d 95.

One of such questions is the power and duty ultimately to make disposition of the $21,580.

■ The fact that the order of December 21st, permitting Allen and Ritchie to take down the award, was not appealable, would not entitle the Appellant to an injunction out of the District Court. Texas Co. v. Honaker, Tex.Civ.App., 282 S.W. 879, writ refused 115 Tex. 509, 283 S.W. 1071.

It follows that said group of assignments are overruled and the Appellee's counter proposition thereto is sustained. This disposes of the controlling issue and requires the affirmance of the trial court's judgment dissolving the temporary injunction.

It is doubtless unnecessary to express an opinion on other interesting question suggested by the appeal. However, and in thought that a brief statement on one or two of them might be of some service in the final disposition of this litigation, we add the following:

We are of the opinion that the provisions of Article 3268, set out above, constitute a plain and unambiguous mandate that the deposit of $21,582 should have been delivered to Allen and Ritchie under the undisputed facts of this case. In that respect, the statute is not believed to be open for construction. There are compelling reasons requiring such interpretation:

■ The provisions of Title 52, R.S. 1925, Vernon's Ann.Civ.St. art. 3264 et seq., relating to eminent domain, apply generally to condemnation proceedings in the County Court. When that Court's jurisdiction is properly invoked it has power to determine all questions arising out of such case pending before it relative to an award or deposit by the condemnor. Article 3268 gives specific directions for the guidance of the Court and makes clear in this case the County Court's right of control over the same.

The three sections or provisions of that statute are comprehensive, presumably covering every situation arising in a condemnation proceeding. That article provides that "if the plaintiff in the condemnation proceedings should desire to enter upon and take possession of the property sought to be condemned, pending litigation, it may do so at any time after the award of the commissioners, upon the following conditions", stated therein.

Under the first condition (Subdivision 1) if the condemnor desires to appeal and also gain immediate possession of the property it may do so by paying "to the defendant the amount of damages awarded * * *, or deposit the same in money in court, *subject to the order of the defendant.*" If, under such circumstances, the landowner accepted the award, that would mark the end of the controversy so far as he would be concerned, and he could not prosecute an appeal. On the other hand, if the defendant or landowner refused to accept the amount of the award, he might thereby defeat the purpose of said article, were it not for the provision made in the latter part of the first section, namely, that the money can be deposited "in court, *subject to the order of the defendant.*"

Obviously, in either event, whether the amount of the award be paid to the defendant and accepted by him, or paid into the court *subject to his order,* the con-

demnor would certainly lose control over the money thus paid in for the purpose of taking possession of the property. If the money were paid into the court because the landowner at first refused to receive the same, and he later decided to accept it, the provision of Subdivision 1 of the statute would not mean anything unless it means that the landowner can later order the clerk to pay it to him. If he cannot do this, then it could not be said that the money was deposited "to his order", as required by the statute.

■ Under Subdivision 2 of said Article the provision that "a further sum of money equal to the amount of the damages awarded" should be deposited in the registry of the court, "to secure all damages", etc., must be construed to apply to a situation where the defendant has refused to accept payment of the money. Otherwise, it would seem to be in conflict with the other two provisions of the article. If Subdivision 2 should be construed as to absolutely require the holding in court of the deposit or fund awarded, then it could not be said that the fund was deposited "subject to the order of the defendant."

However, the third subdivision of the statute forbids any speculation as to the meaning of Subdivisions 1 and 2 or the Article as a whole. In Subdivision 3 it is provided that "in any case where the award *paid* the defendant or *appropriated* by him exceeds the value of the property as determined by the final judgment, *the court shall adjudge the excess to be returned* to the plaintiff". This language makes it clear that when the landowner or defendant has voluntarily taken the money from the condemnor, then the court shall require him to pay back the excess, if any. On the other hand, if the defendant, after the deposit has been made in the registry of the Court, later determines to accept it and does, in fact, "appropriate" it, then Subdivision 3 requires that the Court shall adjudge him to return to the condemnor any excess out of the fund "appropriated by him". (Italics ours.)

■ Obviously, this last provision or subdivision would be without meaning if this statute did not contemplate that the defendant under this Article had the right to take down the amount of the award, if satisfactory to him, pending an appeal by the condemnor. We think this construction a correct one, regardless of whether or not the condemnor has voluntarily paid the award and the condemnee has at the time voluntarily accepted the same, or the amount has been otherwise "appropriated by him". In any event, if no award had been "paid the defendant or appropriated by him" in excess of the value of the property the court could not "adjudge the excess to be returned to the plaintiff."

After all, and bearing in mind the Conservation District's privileges and advantages under the statute generally, and especially its right to take possession of a citizen's property "pending litigation", and prior to the passing of his title, would it not be an act of simple justice to deliver in the meantime the possession of the deposit or award to the citizen? Did not the Legislature by the enactment of Article 3268 seek to achieve such result? We think so.

■ We think there can be no reasonable difference of opinion as to the construction that should be given such statute, but if it be conceded that a legitimate difference of opinion may be entertained on that point, then it follows that the County Court is clothed with authority to determine the same so long as the condemnation proceeding is pending before it, and the District Court would have no right to interfere with that Court's determination of the question.

■ Further, the appellant was not entitled to the injunctive relief sought for the reason that it did not allege or prove on the hearing below that it would not be fully protected by the provisions of Subsection 3 of Article 3268 in the event the judgment of the County Court should later find (1) "the award paid the defendant or appropriated by him" exceeded "the value of the property" taken, and (2) should "adjudge the excess to be returned to the plaintiff." That is, the District did not allege and prove any insolvency or inability of the condemnees to comply with any later order of the court to return to condemnor any possible excess "paid" to or "appropriated" by the condemnees. Hence, absence of legal remedy was not shown.

It will also be observed that in making the deposit of the award the appellant submitted to the county clerk and received from her a receipt which stipulated, among other things, that said sum should remain in the custody of the clerk "subject to the orders of the Honorable County Court of Palo Pinto County, Texas." It would thus appear that the County Judge's action in

attempting to exercise control over such funds under both the *law* and the *terms of the receipt or agreement* between the district and the clerk, would not for the double reason be subject to direction or control by said injunction.

Under this record, the District as soon as it made the deposit acquired the right to flood the property and for all practical purposes it then took from the owner the possession of the same. Our conclusions. herein are based on that theory.

For the reasons assigned the judgment of the trial court is affirmed.