### BRAZOS RIVER CONSERVATION AND RECLAMATION DIST. v. ALLEN et al.

### No. 2443.

Court of Civil Appeals of Texas. Eastland.

April 14, 1944.

Rehearing Denied May 12, 1944.

T. T. Bouldin, of Mineral Wells, for appellant.

Geo. M. Ritchie, of Mineral Wells, for appellees.

LESLIE, Chief Justice.

This is an appeal from a judgment in cause number 2583, styled C. E. Allen et al. v. Brazos River Conservation and Reclamation District, which is the same cause formerly appealed to this court by C. E. Allen et al. (166 S.W.2d 386) and by the District to the Supreme Court on writ of error (171 S.W.2d 842).

The two appeals are injunction proceedings and grew out of cause 2526, a condemnation proceeding instituted by Brazos River C. & R. District against said C. E. Allen et al., filed March 25, 1940.

The first injunction proceeding resulted in an appeal by Allen et al. to this court (Allen et al. v. Brazos River C. & R. District, 166 S.W.2d 386, and to the Supreme Court by the District, 171 S.W.2d 842). The different causes will be referred to by trial court numbers.

This cause, the second appeal, but this time taken by the District, arises from the trial court's having granted an injunction on November 22, 1943, which the District contends goes beyond the authority or scope of the above opinion or mandate of the Supreme Court. If such contention is sound the order of the trial judge must be limited or brought within the scope of the opinion of the Supreme Court.

The instant injunction suit (2528), as stated, grows out of 2526, filed March 25, 1940, in which the District set out to condemn the fee in 1055 acres of land owned by Allen et al. In the course of that proceeding before the commissioners appointed to assess damages in 2526, the litigants agreed that the proceeding should seek the condemnation of an easement only in the 642 acres (of the 1055 acres) lying below the 1000 foot contour line.

The pleadings of the parties were recast or amended according to the above agreement, and the hearing before the commissioners proceeded and resulted in an award to Allen et al. of $21,580 as the value of the easement in the 642 acres. From that award the District gave notice of appeal to the county court, where the cause (2526) is still pending and untried. In addition to taking such appeal, the District deposited the $21,580 award, took possession of the 642 acre easement and immediately inundated the same by water from the dam.

After the above steps were taken the appeal by Allen et al. (evidenced by the above opinions of this and the Supreme Court) was taken, and bearing upon the District's power and authority under proper circumstances to acquire from Allen et al. lands or interest therein, other than or in addition to the 642 acre easement, this court (166 S.W.2d 388) said:

"We are not called upon to determine, and, therefore, do not determine, whether the District would have the right by excluding the interest already condemned, by a new proceeding during the pendency of the existing suit, condemn the additional acreage and/or additional estate in the lands beyond the easement already condemned."

On the same phase of the case the Supreme Court (171 S.W.2d 842, 845) held:

"The effect of the injunction directed to be issued herein by the Court of Civil Appeals is merely to deny to the District the right to dismiss or abandon the first condemnation suit, because it has, in virtue of that suit and the deposit made therein, acquired the right to take possession of the land and has actually exercised that right. The injunction does not interfere with the further accomplishment of the project. A governmental agency or public service corporation that has the power of eminent domain and that already owns an interest in property sought to be condemned may, notwithstanding the ownership of such interest, acquire by condemnation the fee title in the same land when necessity exists for the taking of the fee title. * * * The acquisition by the District of the easement in the 642 acres in the first suit will not be a bar to a second proceeding for the taking of a greater interest in that land and the taking of the additional 413 acres, provided the greater interest and the additional land are 'necessary or convenient to the exercise of the powers, rights, privileges and functions conferred upon the District' by the act of the legislature which created it, * * *."

After the mandate from the Supreme Court was returned no further action was taken in Cause 2526 or the injunction proceeding therein (2583) until November 22, 1943, when the trial court again took up that proceeding (2583) and undertook to

enter an order or judgment therein in compliance with his interpretation of said Supreme Court opinion or the mandate therein.

Omitting the formal parts, that judgment of the trial court reads as follows:

"Therefore in accordance with said mandate and judgment of the Court of Civil Appeals and the Supreme Court, it is ordered, adjudged and decreed that plaintiffs application for injunction be granted as prayed for; and that the defendant, Brazos River Conservation and Reclamation District, its officers, agents, servants, employees and attorneys be and they are hereby enjoined and restrained from prosecuting or attempting to prosecute in any manner the condemnation proceeding filed with the County Judge of Palo Pinto County, Texas, on December 2, (November 24) 1941, being number 2579 and from requesting or urging the special commissioners to proceed with a hearing in said cause, *and from filing, prosecuting or attempting to prosecute any other proceedings of any character for condemnation of any portion of the plaintiff's properties as described in their petition and in the petition for condemnation in cause 2579, to which instruments reference is here made for specific description; except the premises involved in Cause No. 2526 now pending in this court; this injunction to remain in force and effect until final judgment in and disposition of said Cause No. 2526."* (Italics ours.)

■ Since the judgment under review makes reference to pleadings in causes numbers 2526 and 2579, we have examined the same for the purpose of accurately appraising the record before us and passing on the District's points insisting said judgment exceeds the scope and authority of the Supreme Court's opinion. Further, we are permitted to take judicial notice of pertinent judgments and records in the same or a connected case in this court. 23 C.J. p. 109, § 1917, et seq.; 31 C.J.S., Evidence, § 50.

■ Obviously the above judgment, and especially that part of it which forbids the District's prosecution of any character of condemnation proceeding "for any portion of the plaintiff's properties as described in their petition and in the petition for condemnation in Cause 2579 * * * except the premises involved in cause No. 2526 now pending in this court * * * until final judgment in and disposition of said cause No. 2526" goes too far and is not warranted by the Supreme Court opinion.

In the light of the Supreme Court opinion and especially the above excerpt therefrom, it is clear that the District's right to a second condemnation proceeding to condemn a greater interest in the 642 acres and also the 413 acres (aggregating 1055 acres) is not only permissible under that opinion, but warranted thereby when the statute with reference to such proceeding is complied with. In such respects the judgment of the trial court exceeded the limits or authority of said Supreme Court opinion, and to the extent that it does so, the judgment of the trial court must be modified or reformed so as to comply therewith. The Supreme Court significantly stated that "the injunction does not interfere with the further accomplishment of the project."

As reformed the judgment of the trial court will not enjoin the District from condemning additional lands or interests therein owned by Allen et al. necessary or convenient for the use of said District, which said additional land or interest would be other than and additional to the easement in the 642 acres now sought to be condemned in cause 2526.

In reaching the above conclusions, we have not been unmindful of the rule of estoppel which under proper circumstances would affect the District, as well as individual litigants, but in the proceeding before us and as above explained, we discover nothing that would estop or bar the District from seeking condemnation of other lands or interest therein owned by Allen et al., necessary or convenient for the uses and purposes of the District. Such proceeding would necessarily have to conform to the statute creating the authority and the Supreme Court's opinion interpreting that statute.

For the reasons assigned, the judgment of the trial court is reformed, and as reformed affirmed.