## VON KOENNERITZ v. HARDCASTLE et al.
### No. 9881.

Court of Civil Appeals of Texas. Austin.
May 17, 1950.

Rehearing Denied June 7, 1950.

Critz, Kuykendall, Bauknight & Stevenson, Charles L. Krueger and W. Wroe Owens, all of Austin, for appellant.

Hart, Brown & Sparks, Austin, Tom de Steiguer, Austin, for appellees.

HUGHES, Justice.

S. J. von Koenneritz, appellant, filed suit in the county court of Travis County, on June 4, 1947, seeking to set aside and annul a judgment rendered by that court on May 4, 1945, probating a certain instrument in writing as the last will and testament of Hayes B. von Koenneritz, deceased wife of appellant.

Judgment of the county court as well as judgment of the district court on appeal was adverse to appellant.

The grounds for invalidating the will are that it, not being witnessed as required by statute, is not wholly in the handwriting of the testatrix, and that it does not constitute a complete instrument.

The trial court found that the will was a complete instrument but that it was not wholly in the handwriting of Mrs. von Koenneritz.

Judgment denying appellant relief is based upon findings that he, with full knowledge of the facts, elected to take under the will and that he is now estopped to assert its invalidity.

In our opinion this judgment is correct.

Application to probate the will was filed December 27, 1944.

On April 18, 1945, appellant wrote the Judge of the county court that, "I wish to enter a vigorous protest against the probate of the incomplete and unsigned document now on file as the will of my wife * * *." This letter was filed by the Clerk of the court among the papers in the probate case.

On May 3, 1945, appellant again wrote the Judge of the county court that, "* * * having given the whole matter serious thought, I have now come to the conclusion to withdraw my protest, and let the will be probated, if it can be done, although I feel that it is an imperfect and defected document."

The will as probated on December 18, 1945, left appellant a bequest of $300.00.

Thereafter appellant was paid this bequest and executed a receipt therefor which reads: "That I, S. J. von Koenneritz, acknowledge the receipt of $300.00 cash to me in hand paid by Will D. Hart, executor with the will annexed of the estate of Hayes B. von Koenneritz, deceased, in full satisfaction of the specific bequest of that amount made to me by Hayes B. von Koenneritz in her will that has been duly probated in Cause No. 11341 in the Probate Court of Travis County, Texas; and in consideration of the payment of said sum of money to me by said executor, I do hereby release and discharge him of and from any and all liability to me existing under or by virtue of said bequest."

It is undisputed that appellant, when he executed the above receipt, was familiar with the terms of the will and with all the circumstances surrounding and leading to its probate.

The will consists of three large sheets of paper all fully covered by firm and intelligible handwriting. Of all this writing there are only two words (figures) which are not in the handwriting of testatrix. They appear as the last word (figures) in paragraphs second and third of the will, reading:

"I give and bequeath to my husband J. von Koenneritz the sum of *$300.00*.

"I give and bequeath to my niece Mary B. Red the sum of *$200.00*."

Appellant was not further provided for in the will except that no contents of the home were to be removed without the consent of appellant or until after his death.

Appellant's position is that the doctrine of election is inapplicable under the rule stated in 44 Tex.Jur., p. 871, that: "A conclusion that he has elected to take under the will is held not to be sustainable where it appears that the devisee or legatee has received thereunder no benefit to which he was not entitled in the absence of a will." The reasoning of appellant is that the estate of testatrix being her separate property and being personalty of the value of $27,000.00 plus, that under the law of descent and distribution he would have received considerably more that $300.00, if his wife died intestate. This is true, but we are unable to adopt this reasoning.

The will, among other things, provided that if any beneficiary contested the will or any of its provisions that such person should be barred from participating in her estate.

When appellant withdrew his contest and accepted under the will he was acting very realistically. If his contest failed and the will admitted to probate he would receive nothing. Therefore, it cannot be said that appellant in accepting the bequest received only a benefit which he otherwise was entitled to receive independent of the will.

Probable realization that his attack on the will might fail was not pure fantasy. It may be conceded that appellant was reasonably sure that he could prove that the figures "$200.00" and "$300.00" were not in the handwriting of his wife. Suppose the fact was that these figures were added to the will without the knowledge or consent of the testatrix. Such alteration could not, of course, affect the validity of the will and it would be probated or refused probate independently of and without regard to the alterations. 57 Am.Jur., p. 442.

Without reciting the evidence we find that there is no indication that such alterations were made with the knowledge or consent of the testatrix and that appellant was at all times familiar with the facts upon which this finding is based.

Appellant then was put to determine where he would stand if the figures "$300.00" and "$200.00" were removed, respectively, from paragraphs 2 and 3 of the will. It is certain that in such case appellant would not receive the $300.00 bequest. But is it certain that this would result in the intestacy of Mrs. von Koenneritz?

We will speculate upon the question as appellant must have done.

Eliminating paragraphs 2 and 3 from the will, the following provisions were left in it:

$300.00 was left to the "Childrens Home"; $300.00 to the "Settlement Club"; $300.00 to the "Home of the Holy Infancy"; $5000.00 to her only daughter; the remainder of her estate was left to her daughter for life and then to be divided equally between the three children's homes named above. Other provisions of the will are the ones relating to contest of the will and the restrictions upon moving contents from the home, previously mentioned, and appointment of executors or trustees, without bond, and prescribing their duties and providing for an alternate executor or trustee.

It will be observed that these provisions encompass a complete and orderly disposition of the entire estate of testatrix. Under these circumstances it seems very unlikely that a court would hold paragraphs 2 and 3 of the will to be so interwoven with the remainder of the will that their incompleteness would result in frustration of the testamentary scheme or plan of the testatrix so as to require invalidation of the entire instrument. 44 Tex.Jur., Wills, Sec. 207.

There is also the distinct possibility that incomplete paragraph two of the will, as

written by testatrix, would be construed as expressly leaving appellant nothing.

Confronted with these problems we believe that appellant wisely and intell'gently elected to take under the will as probated and that he is now estopped to assert its invalidity in any respect. 44 Tex.Jur., Wills, Sec. 285.

The judgment of the trial court is, therefore, affirmed.

Affirmed.