Nettie Edna WOMBLE, Appellant,

v.

Lee ATKINS et al., Appellees.

No. 15433.

Court of Civil Appeals of Texas.

Dallas.

May 2, 1958.

Rehearing Denied May 30, 1958.

Roland Boyd, McKinney, Strasburger, Price, Kelton, Miller & Martin, Dallas, Gullett & Gullett, Denison, for appellant.

J. E. Abernathy, McKinney, John C. Harris, William H. Duls, Burford, Ryburn & Ford, Bruce Graham and Clarence A. Guittard, Dallas, for appellees.

DIXON, Chief Justice.

Appellant Nettie Edna Womble filed suit March 22, 1955 against appellees Lee Atkins and O. E. Carlisle, whom she designated as "formerly independent executors of the Estate of C. T. Tatum." She sought to cancel a release executed by her on August 17, 1953. As grounds for cancellation she alleged fraud committed by Atkins and Carlisle, independent executors, and their attorney in inducing her to execute the release. By the terms of the written instrument and for a consideration of $25,000 and 473.44 acres of land, she had given up all claims against the estate of C. T. Tatum, deceased.

Appellees Atkins and Carlisle filed an answer setting up the defense of res judicata. Thereafter they filed a motion for summary judgment on the same grounds. The trial court sustained the motion for summary judgment and dismissed appellant's suit with prejudice.

We quote from appellees' motion: "That no genuine issue or issues of fact exist herein which have not already been adjudicated against plaintiff. The issues of fact and of law sought to be asserted by the plaintiff in her petition filed herein have been adjudicated against her in Cause No. 15,196 styled Lee Atkins et al. v. Nettie Edna Womble et al., in an opinion delivered by the Court of Civil Appeals for the Fifth Supreme Judicial District of Texas sitting at Dallas on the 25th day of January 1957 (motion for rehearing overruled March 1, 1957) wherein the Court of Civil Appeals held that the effect of the settlement and release, the subject matter of this suit, was valid and binding and did divest the plaintiff, Nettie Edna Womble, of any further claim against or interest in the Estate of C. T. Tatum, Deceased, and that such release executed by her constituted a complete bar to any action that she might have against the Estate of C. T. Tatum, Deceased. That the opinion and judgment of the Court of Civil Appeals aforesaid disposing of all issues of law and fact sought to be asserted by the plaintiff in this suit is published in 300 S.W.2d at page 688, and is referred to and made a part hereof and is now final, binding and conclusive."

Appellant filed no reply in the trial court to appellees' motion for summary judgment.

In her first point on appeal appellant says that the motion for summary judgment was fatally defective because it was not sworn to, and was not supported by depositions, admissions, or affidavits—the only thing referred to in the motion being an opinion by this Court, which opinion, says appellant, was not any part of the proper record before the trial court.

We agree with appellees that a motion for summary judgment need not be sworn to, and need not be supported by affidavits or other evidence if the allegations in the plaintiff's petition together with matters of which the court may take judicial notice, demonstrate that plaintiff has no cause of action. In this connection our Supreme Court has said: " * * * we agree, of course, with the unanimous view below.

that a summary judgment is not necessarily out of order where the corresponding motion is unverified and unsupported by affidavits. Rule 166–A, Tex.R.Civ.Proc.; 4 McDonald, Texas Civil Practice, § 17.26, p. 1386 et seq. If by reference to the pleadings of the respondents in the instant case and other records which the trial court might properly notice, there was ground for a judgment as a matter of law for the movant (petitioner here) summary judgment was proper. 4 McDonald, op. cit., supra, p. 1394, Note 34." Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508, 513.

The question we must answer then is this: Does the decision of this Court in Atkins v. Womble, 300 S.W.2d 688, come within the category of "other records of which the trial court might properly take notice"?

In our opinion the trial court in the instant case properly took judicial notice of our opinion and decision in Atkins v. Womble, 300 S.W.2d 688. The two cases were tried by the same judge, Hon. W. C. Dowdy, 59th Judicial District of Texas. Both cases originated in Collin County, Texas, though the earlier case, after a mistrial in Collin County, was transferred to Grayson County in the same Judicial District for a second trial. The parties in the two suits are the same except that in this suit the beneficiaries named in the will of C. T. Tatum, deceased, are not made parties, although they can hardly be considered disinterested persons. It is certain that the release which appellant seeks to cancel in this case is the same release passed on in the former trial. This is shown by the reference to the present suit in our former opinion where at 300 S.W.2d, page 695, we said: "Meantime appellee filed a separate suit in Collin County seeking to set aside and cancel her settlement contract and release of August 17, 1953. So far as the record shows this suit, No. 23,093, styled Nettie Edna Womble v. Lee Atkins et al., is still pending in the District Court of

Collin County, Texas." Our holding that the trial court properly took judicial notice of our opinion and decision in the first suit finds support in a number of cases: Pridgen v. Denson, Tex.Civ.App., 298 S.W.2d 276; McKay v. Dunlap, Tex.Civ.App., 244 S.W.2d 278; Fey v. Woods, Tex.Civ.App., 229 S.W.2d 923; Victory v. State, 138 Tex. 285, 158 S.W.2d 760; Cocke v. Wright, Tex.Civ.App., 23 S.W.2d 449. We overrule appellant's point No. 1.

In her points Nos. 2, 3, and 4 appellant contends that (2) the judgment of this Court in the appeal styled Atkins v. Womble, 300 S.W.2d 688, was not res judicata of the issues involved in this case; (3) it is obvious from the record in the other case that appellant is entitled to a trial on the merits in this case because there is a reasonable probability that she would raise issues of fact entitling her to go to the jury; and (4) the opinion and judgment of this Court on the former appeal is not res judicata in this case because the Supreme Court did not approve our opinion, but merely refused the writ of error on the grounds of no reversible error, thereby holding that the only thing determined by the former case was that appellant could not offer the will of C. T. Tatum for probate until she had set aside the release involved in this case.

We do not agree with the interpretation which appellant would put upon our decision in the former appeal, Atkins v. Womble, 300 S.W.2d 688. Appellant in substance contends that our judgment was confined to the bare issue of lack of interest on the part of Mrs. Womble as long as the release was outstanding and had not been set aside in a proper proceeding. This present case, says appellant, is that proper proceeding.

Our judgment in regard to this release was not confined to the issue above stated by appellant. We went much further. We decided that the validity of the

release had been made an issue in the former suit. Appellees pled the release as a bar to appellant's application to probate the will, and introduced evidence in support of their plea. Appellant interposed no pleas in defense or for affirmative relief from the effect of the release. If appellant had any defenses against the release, or sought affirmative relief by way of cancellation she was required in the face of appellees' plea to urge her defenses or her action for cancellation then and there. By failing to do so appellant in effect waived any defenses or pleas for affirmative relief she may have had with reference to the release.

That such was our holding on the former appeal and that such holding was a material part of the basis upon which we decided to reverse and render judgment rather than merely to remand the cause is shown, we think, by this paragraph on pages 701, 702 of our opinion: "Further, a party's interest in an estate, when challenged, is to be determined in the probate proceedings and as part of the probate proceedings, first in the county court, and on appeal in the district court. Moore v. Stark, [118 Tex. 565,] 17 S.W.2d 1037; Abrams v. Ross' Estate, [Tex. Com.App.,] 250 S.W. 1019; McArthur v. Hall, Tex.Civ.App., 169 S.W.2d 724; Plunkett v. Simmons, Tex.Civ.App., 63 S.W.2d 313; Alexander v. State, Tex.Civ. App., 115 S.W.2d 1122; Von Koenneritz v. Hardcastle, Tex.Civ.App., 231 S.W.2d 498; Hardin v. Hardin, Tex.Civ.App., 66 S.W.2d 362. Appellee Nettie Edna Womble could not evade or postpone appellants' challenge to her status as an interested party by filing in the District Court of Collin County a separate suit seeking cancellation of the release whereby she relinquished all further interest in the estate of C. T. Tatum."

Our Supreme Court in Freeman v. McAninch, 87 Tex. 132, 27 S.W. 97, 98, long ago announced the principle of law which is applicable in this second appeal. In an earlier suit judgment had gone against McCray, one of the defendants. In a subsequent trespass to try title suit, McCray sought to set up certain defenses which he could have urged in the first suit. In holding that he had waived his right to assert such defenses, the Supreme Court said: "Where it appears from the record of a court having jurisdiction over the parties and subject-matter that an issue has been presented and decided, then the decision so made, so long as it is not set aside in some lawful manner, must be held conclusive upon the rights of the parties, when the same issue is again presented; * * * Pending the former action, McCray may have acquired title to so much of the Washington survey as he now claims; but, if so, it was his right to assert that when the cause was tried, and his failure to do so does not now entitle him to the relief he might then, by diligence and care, have secured. 'A party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties, or their privies, in reference to the same subject-matter.' And if one of the parties failed to introduce matters for the consideration of the court that he might have done, he will be presumed to have waived his right to do so. * * *." See also 26 Tex.Jur. 135, 163.

As we are of the opinion that our judgment in Atkins v. Womble, 300 S.W.2d 688, is res judicata of the issues raised in this case, we affirm the trial court's judgment of dismissal of this case.

Affirmed.