BUCKNER ORPHANS HOME et al.,
Appellants,

v.

Laura BERRY et al., Appellees.

No. 15545.

Court of Civil Appeals of Texas.

Dallas.

Feb. 5, 1960.

Rehearing Denied March 4, 1960.

J. E. Abernathy, McKinney, John C. Harris, William H. Duls, Burford, Ryburn & Ford, Bruce Graham and Clarence A. Guittard, Dallas, for appellants.

David C. McCord, Gallagher, Francis, Bean, Wilson & Berry, Dallas, John L. Riley, Madison, Wis., Clifford W. Clift, Oklahoma City, Okl., and Charles L. Follansbee, Tulsa, Okl., for appellees.

DIXON, Chief Justice.

This is the third appeal involving the estate of Charles Thomas Tatum, deceased.

The other two appeals are Atkins v. Womble, Tex.Civ.App., 300 S.W.2d 688 (writ ref. n. r. e.), and Womble v. Atkins, Tex.Civ.App., 314 S.W.2d 150, affirmed Tex. 331 S.W.2d 294.

## Historical Background

First Appeal. Charles Thomas Tatum died December 19, 1952. He left a formal will dated May 25, 1945. Among the beneficiaries named in the will were Buck-

ner Orphans Home, Scottish Rite Hospital for Crippled Children, and Mrs. Nettie Edna Womble. For many years Mrs. Womble had been Tatum's housekeeper. She claimed also to have been his common law wife. Lee Atkins and O. E. Carlisle were named as executors.

With the help and co-operation of Mrs. Womble the will was probated. The beneficiaries received their bequests and devises. Mrs. Womble under the terms of the will was given 150 acres of land, $10,000 in cash and other personal property. She accepted her devise and bequests.

However Mrs. Womble later became dissatisfied. She felt she should have received more from the estate. So on August 17, 1953 a settlement was entered into between Mrs. Womble and the executors whereby for a consideration of $25,000 additional cash and 473.44 additional acres of land she released all claims against the estate. She signed written releases both for the property already received by her under the terms of the will, and for the additional property received by her in the second settlement.

But Mrs. Womble still was not satisfied. She produced an instrument which she claimed as a holographic will of Charles Thomas Tatum dated December 9, 1952. In this instrument Mrs. Womble was named as the sole beneficiary. On June 1, 1954, Mrs. Womble offered this instrument for probate. The executors and two of the beneficiaries under the 1945 will contested the probate of the alleged 1952 will. They filed a motion to dismiss Mrs. Womble's application to probate the will; and pleading to the merits, alleged among other defenses that said will was a forgery.

As grounds for their motion to dismiss Mrs. Womble's application the executors and the two beneficiaries alleged that Mrs. Womble was no longer an interested party entitled to ask probate of the alleged 1952 will because she had given up all her interest in the estate by (1) accepting bene-fits under the 1945 will, and (2) later releasing all claims against the estate in consideration of the additional $25,000 cash and 473.44 acres of land.

The Probate Court of Collin County, Texas, overruled the motion to dismiss, set aside the probate of the 1945 will, revoked letters testamentary of the two executors, and admitted the alleged 1952 will to probate. An appeal de novo was taken to the District Court where the motion to dismiss was again overruled. A first trial on the merits resulted in a hung jury. Thereafter venue of the case was changed to Grayson County, Texas.

After the executors had pled the releases as a defense to Mrs. Womble's application, Mrs. Womble had enlarged her suit to include allegations seeking cancellation of the releases. However, in an amended petition she abandoned her attack on them. The executors continued to assert their defensive plea based on the releases.

The undisputed evidence, in support of the motion to dismiss, including the testimony of Mrs. Womble herself, showed that she knew of the existence of the alleged 1952 will when she assisted in probating the 1945 will, and when she later made the settlement and executed the releases in question. In fact the 1952 instrument had been in her possession all the time.

Nevertheless the motion to dismiss was overruled. The case again went to trial on its merits. This time, following a jury verdict, judgment was rendered on January 23, 1956 in the District Court of Grayson County, admitting the alleged 1952 will to probate.

The executors and the two beneficiaries took an appeal to this Court. On appeal we held that the trial court erred in failing to sustain the executors' motion to dismiss Mrs. Womble's application to probate the alleged 1952 will. Accordingly we reversed the judgment of the trial court dated January 23, 1956, and ourselves rendered judgment dismissing Mrs. Womble's application.

Second Appeal. After abandoning her count for cancellation of the releases in her first suit, Mrs. Womble filed a separate suit in Collin County, Texas, seeking their cancellation. The executors filed an answer setting up the defense of res judicata. They also filed a motion for summary judgment on the same grounds. The trial court sustained their motion. Judgment was entered dismissing Mrs. Womble's suit with prejudice. On appeal by Mrs. Womble we affirmed the trial court's judgment. Our Supreme Court granted Mrs. Womble's application for writ of error, but thereafter affirmed our judgment.

### Present Appeal.

After our Supreme Court had refused a writ of error in the first appeal, this class suit was filed by Laura Berry and others in behalf of the heirs at law of Charles Thomas Tatum. They allege that they and other heirs at law are entitled to all of the estate of the deceased. They contend that (1) the 1945 will of Charles Thomas Tatum has been revoked by the alleged 1952 will; and (2) since it has been judicially determined that Mrs. Womble, though named as sole beneficiary in the alleged 1952 will, cannot take under that instrument, the assets of the estate go to the heirs at law through our statute of descent and distribution.

The only defendant named by the heirs in their petition was M. A. Jones, temporary administrator. But an intervention was filed by Lee Atkins and O. E. Carlisle, executors, and Buckner Orphans Home and Scottish Rite Hospital for Crippled Children, beneficiaries under the 1945 will.

In the District Court the intervenors filed a motion to dismiss the heirs' suit on the ground that, as heirs at law of the deceased, they had no interest in the estate. In support of their motion intervenors presented eleven exhibits, and the heirs in opposition to the motion presented five exhibits. Among these exhibits were copies of the 1945 will and of the proceedings probating said will, copies of the releases executed by Mrs. Womble, copies of the alleged 1952 will and proceedings attempting to probate that instrument including the judgment of the District Court of Grayson County, Texas dated January 23, 1956, and copies of our opinion and mandate reversing said judgment. After a hearing intervenors' motion to dismiss the heirs' suit was overruled.

Meantime the heirs had filed a motion for summary judgment. Immediately after overruling the intervenors' motion to dismiss the trial court took up consideration of the heirs' motion for summary judgment. Neither the defendant nor the intervenors had filed an answer to the motion for summary judgment. The motion was sustained, and judgment was accordingly rendered to the effect that "the assets of the estate of Charles Thomas Tatum, deceased, are hereby vested in and to the heirs of Charles Thomas Tatum, deceased, whoever they may be."

Lee Atkins and O. E. Carlisle, executors, and Buckner Orphans Home and Scottish Rite Hospital for Crippled Children, beneficiaries under the 1945 will, have appealed.

Appellants' first point on appeal is that the District Court erred in overruling intervenors' motion to dismiss the suit of the heirs at law. Appellants' contention is this: if the alleged 1952 will is valid, as the heirs claim it is, Nettie Edna Womble's interest has passed to the beneficiaries of the 1945 will, and appellees, who claim only as heirs at law, have no interest in the estate.

In their answering counter-point appellees assert that the court did not err in rendering summary judgment because there were no justiciable issues of fact before the court, since appellants filed no controverting affidavits of any kind or character in answer to appellee's motion for summary judgment.

We shall consider first appellees' counter-point. When an opposing party fails to file an answer to a motion for summary judgment, the factual allegations in the motion will be accepted as true. But this does not necessarily mean that the motion should be sustained. If the factual allegations, though accepted as true, do not furnish any basis *as a matter of law* to support a recovery for movant, the motion should be overruled. Rule 166–A, Secs. (a) and (c); Stayton, "Notes on Summary Judgment", 13 Tex.Bar Journal 445, 472; 49 C.J.S. Judgments § 225, p. 420. The adverse party under proper circumstances need not rely on opposing affidavits, but may rather rely on the failure of the motion itself to show "that the moving party is entitled to a judgment as a matter of law." Rule 166–A, Sec. (c). A motion for summary judgment is to be treated in much the same manner as a motion for instructed verdict. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929, 931. And of course a motion for instructed verdict, though not answered, will be denied if the motion itself is not entitled as a matter of law to be sustained.

Therefore it becomes necessary for us to examine appellees' motion for summary judgment carefully to determine whether the undisputed facts entitled appellees to judgment as a matter of law. In so doing we shall look not only to the factual allegations in appellees' motion, but also to facts of which we take judicial notice. An appellate court takes judicial notice of its judgments and records in the same or related cases. Reeves v. Houston Oil Co. of Texas, Tex.Civ.App., 230 S.W. 2d 255, 260; Brazos River Conservation and Reclamation District v. Allen, Tex. Civ.App., 180 S.W.2d 206; Cook v. Wilmeth, Tex.Civ.App., 166 S.W.2d 359; 4 Tex.Jur.2d 227. In passing on appellees' motion for summary judgment we shall consider both the allegations in the motion itself and the facts and holdings as we judicially know them to be in the first two appeals involving the estate of Charles Thomas Tatum, deceased.

We turn now to appellants' first point on appeal. Old Art. 3314 Vernon's Ann.Civ.St., now Sec. 37 of Vernon's Ann. Texas Civ.St. Probate Code, provides: "When a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees." This vesting relates back to the death of the testator and becomes effective from that date. Rowe v. Palmer, Tex.Civ.App., 277 S.W.2d 781, 784; Long v. Shelton, Tex.Civ.App., 155 S.W. 945 (Syl. 14). So if we assume for the sake of argument that the 1952 instrument is a valid will, as appellees claim it is, then all of the assets of the estate here involved vested in Nettie Edna Womble, sole beneficiary, as of December 19, 1952, the date of the death of Charles Thomas Tatum. And Nettie Edna Womble continued to be the sole owner of said assets from December 19, 1952 to August 17, 1953, when she accepted her bequests under the 1945 will and executed the settlement agreement whereby for an additional $25,000 and 473.44 acres of land, she released all her interest in the estate. As a result she gave up her right to ask probate of the alleged 1952 will.

Does her action cause the assets of the estate to descend to the heirs at law of the deceased? The answer is no.

The heirs claim under our Statute of Descent and Distribution, old Art. 2570 V.A.C.S., now Sec. 38 of V.A.T.S. Probate Code. We quote from the statute: "Where any person, having title to any estate or inheritance, real, personal or mixed, *shall die intestate,* it shall descend and pass in parcenary to his kindred, male and female, in the following course * * *". (Emphasis ours). Since Charles Thomas Tatum, under appellees' own theory of the law, did not die intestate, appellees were not his heirs within the terms of the statute, and had no such interest as would

entitle them to come into the probate court asking for a declaration of heirship, or claiming rights in the estate as heirs. They would first have to annul the wills left by deceased. Buchanan v. Davis, Tex.Civ. App., 43 S.W.2d 279, affirmed Tex.Com. App., 60 S.W.2d 192.

■ Under the circumstances the beneficiaries under the first will are entitled to the property. In the first appeal the substance and effect of one of our holdings was that Nettie Edna Womble, by accepting benefits under the first will was estopped from claiming the estate under the alleged 1952 will. The heirs at law were strangers to the agreement between the executors and Mrs. Womble, and strangers to the later settlement and releases. An estoppel operates only on the parties to a transaction and their privies. In this case appellees are strangers to the transactions between the executors and Mrs. Womble and cannot take advantage of the estoppel. Superior Brewing Co. v. Curtis, Tex.Civ.App., 116 S.W.2d 853; Harris v. Mayfield, Tex.Com.App., 260 S. W. 835 (Syl. 6); Ft. Worth & D. C. R. Co. v. Southern Kansas R. Co. of Texas, Tex.Civ.App., 151 S.W. 850 (Syl. 12); 31 C.J.S. Estoppel § 130, p. 397; 19 Am.Jur. 809.

■ The same result is reached if we interpret Mrs. Womble's action as constituting an election to take under the 1945 will thereby giving up any claim she may have had under the 1952 instrument. The effect of such an election fixes the rights of the beneficiaries of a will which might otherwise have been successfully contested. Von Koenneritz v. Hardcastle, Tex.Civ. App., 231 S.W.2d 498; Dakan v. Dakan, 125 Tex. 305, 83 S.W.2d 620; Hardin v. Hardin, Tex.Civ.App., 66 S.W.2d 362; Portis v. Cummings, 14 Tex. 171; Tripp v. Nobles, 136 N.C. 99, 48 S.E. 675, 67 L.R.A. 449; 57 Am.Jur. 1051; Annotation, 28 A.L.R.2d 144–151.

■ Furthermore we are of the opinion that Nettie Edna Womble's written re-lease of all her interest in the estate was effective as a transfer of any interest she may have had under the alleged 1952 will. We quote from the opinion of our Supreme Court referring to common law conveyancing in Richardson v. Levi, 67 Tex. 359, 3 S.W. 444, 448; "A release was used only when the releasee was in possession, and the releasor conveyed to him his own title. The significance of these terms has been somewhat modified; * * A release may be used to convey a title to one who has no previous right in the land, and is in most states equivalent to the word 'quitclaim'." See also Art. 1293 V.A.C.S.; Fore v. McFadden, Tex.Civ. App., 276 S.W. 327; Smith v. Cantrel, Tex.Civ.App., 50 S.W. 1081; 2 Blackstone's Commentaries 325.

We sustain appellants' first point on appeal and overrule appellees' first counterpoint.

In their second point on appeal appellants assert that the trial court erred in rendering summary judgment for petitioners because the judgment of the District Court of Grayson County admitting the 1952 will to probate was reversed by this Court, and the validity of said will has not been established.

■ In their second counter-point appellees claim that the 1945 will was revoked by the 1952 instrument, and Nettie Edna Womble's interest has passed by contract— the releases—to the heirs at law.

We agree with appellants. In our consideration of appellants' first point we assumed, for the sake of argument, that the validity of the alleged 1952 will was established. However there is no basis for such assumption. Appellees' contention is based on an erroneous premise.

In their motion for summary judgment appellees allege that the judgment of January 23, 1956 of the District Court of Grayson County in Cause No. 63,444 holding that the 1952 instrument is the last will and testament of Charles Thomas

Tatum, deceased, "is at this time a valid and subsisting judgment, proving said instrument * * *."

Appellees' motion also contains this allegation:

"That Atkins, Carlisle, Buckner Orphans Home and Texas Scottish Rite Hospital for Crippled Children urge only a claim which is based upon a Mandate issued by the Fifth Court of Civil Appeals of Dallas, Texas, but that said Mandate of said Fifth Court of Civil Appeals rendered in the case of Lee Atkins, et al, Appellant, versus Nettie Edna Womble, Appellee [300 S.W.2d 688], is null and void and contrary to the laws and constitution of this State, of the several States and the United States, since it was based upon the purported will of May 25th, 1945, which as a matter of law was revoked by the subsequent instrument dated December 9th, 1952, and as such was a nullity, was voided and cancelled * * *."

The trial court's judgment in this case contains this recitation:

"The validity of the will of December 9, 1952, is not before this Court for determination since same is established by the judgment of the District Court of Grayson County dated January 23, 1956, in Cause No. 63,444 entitled Nettie Edna Womble vs. Lee Atkins, et al. * * *."

The judgment above referred to is the very judgment which we reversed in its entirety in Atkins v. Womble, Tex.Civ. App., 300 S.W.2d 688 (writ ref. n. r. e.). We also rendered judgment dismissing Mrs. Womble's application to probate the 1952 instrument. The judgment of January 23, 1956 of the District Court of Grayson County in Cause No. 63,444, having been reversed on appeal, is not now a valid subsisting judgment for any purpose. Hermann v. Allen, 103 Tex. 382, 128 S.W. 115; 26 Tex.Jur. 80; 4 Tex.Jur.

2d 452; 50 C.J.S. Judgments § 625, p. 50, § 699, p. 156; 3 Amer.Jur. 697; 30-A Amer.Jur. 388. Certainly it cannot support the conclusion that the validity of the 1952 instrument has been established.

The 1952 instrument does not expressly revoke the 1945 will. It could have effected a revocation of the 1945 will only if it had been established as a valid will whose provisions are inconsistent with the earlier will. Since it has not been so established it cannot be accepted as a revocation of the 1945 will.

We sustain appellants' second point on appeal, and overrule appellees' second counter-point.

The judgment of the trial court is reversed, and judgment is here rendered dismissing appellees' suit.

Reversed and rendered.

YOUNG, J., not sitting.